547 A.2d 1261

City of Philadelphia, Appellant *v.* Katherine Tasker,
Appellee.

Argued June 16, 1988, before Judges BARRY and McGINLEY, and Senior Judge NARICK, sitting as a panel of three.

*Miriam B. Brenaman,* Assistant City Solicitor, with her, *Barbara R. Axelrod,* Divisional Deputy in Charge of Appeals, *Norma S. Weaver,* Chief Deputy in Charge of Claims, and *Handsel B. Minyard,* City Solicitor, for appellant.

*George F. Schoener, Jr., M. Mark Mendel, Ltd.,* for appellee.

OPINION BY JUDGE BARRY, September 19, 1988:

The City of Philadelphia (City) appeals from an order of the Court of Common Pleas of Philadelphia County dismissing its motion for post-trial relief for failure to file its brief in support of those motions within the time period prescribed by a local rule of court.

Katherine Tasker (appellee) instituted an action against the City to recover damages for injuries she sustained when she tripped on a walkway while walking through Overington Park. A jury trial before the Honorable CHARLES P. MIRARCHI, JR. was subsequently held on the matter. The jury returned a verdict in favor of appellee. Thereafter, the City filed a timely motion for post-trial relief, while the appellee filed motions for delay damages and for sanctions and attorney's fees against the City and Maura J. Lynch, the Assistant City Solicitor who had tried the case. At the time the City filed its motion for post-trial relief, it indicated that a full transcript of the proceedings was necessary in order to write a brief in support of its motion.

The notes of testimony were eventually transcribed and delivered in two parts to all counsel; the first part on January 12, 1987 and the second on January 27, 1987. Subsequently, on April 1, 1987, the post-trial motions clerk, pursuant to subsection (c)(6) of Philadelphia Civil Rule 240 (Rule 240) sent all counsel notice that the moving party (the City) was required to file its brief within thirty-five days from the date of the notice. The City, however, failed to file its brief within that period of time. On May 12, 1987, the appellee filed a motion to dismiss the City's motion for post-trial relief because of this failure.

On May 21, 1987, Ms. Lynch wrote a letter to the trial judge, in which she claimed that the reason that

the City's brief in support of its motion for post-trial relief had not been filed within the time period prescribed by the local rule was that she had never received the notice which had been sent by the post-trial motions clerk on April 1, 1987 and that she had only seen a copy of this notice when she had received a copy of the appellee's motion to dismiss the motion for post-trial relief, to which a copy of the April 1, 1987 notice was attached. It was contended that the reason that the notice had not been received was that it was inadequately addressed.[1] A request for an opportunity for the City to formally respond to the appellee's motion to dismiss the City's motion for post-trial relief within thirty days after the date it had been filed and to file a brief in support of the City's motion for post-trial relief within the thirty-five day period following the receipt of the appellee's motion to dismiss the City's motion for post-trial relief was made therein.

The day after the above letter was written, however, Ms. Lynch received a copy of an order that had been entered by the trial judge on May 19, 1987, dismissing the City's motion for post-trial relief with prejudice.

---

[1] The notice was addressed to the Assistant City Solicitor as follows:

Maura Lynch, Esq.
One Reading Center
1101 Market Street
Phila. Pa. 19107

The address supplied on the Motion for Post-Trial Relief was as follows:

City of Philadelphia, Law Department
Maura J. Lynch
Chief Assistant City Solicitor
One Reading Center
1101 Market Street—9th Floor
Philadelphia, Pa. 19107

Pursuant to that order, judgment was entered on the jury verdict on June 4, 1987.

On May 29, 1987, the City filed a motion for reconsideration of the May 19, 1987 order. By this motion, the City requested the trial court to dismiss the appellee's motion of May 12, 1987 for the reasons that had been set forth in Ms. Lynch's letter of May 21, 1987. Appellee filed an answer to this motion in which the City's allegations were denied. On June 10, 1987, the City filed this appeal from the May 19, 1987 order. After having done so, it filed, on July 6, 1987, an amended motion for reconsideration of the May 19, 1987 order. On September 24, 1987, the trial court entered an order denying the City's motion for reconsideration.[2] On October 2, 1987, it then filed an opinion in support of the appealed order. Attached to the opinion were three undated affidavits; one from each of the two court reporters who transcribed the notes of testimony and one from the post-trial motions clerk.

The City contends here that the trial judge, in automatically dismissing its motion for post-trial relief pursuant to a local rule which mandated such action, acted inconsistently with Pennsylvania Rules of Civil Procedure Nos. 126 and 239(f). It also contends that the trial judge erroneously interpreted the brief filing requirement of Rule 240 and that it denied it its constitutional right to cross-examine adverse witnesses and produce witnesses of its own. This occurred, it argues, when, in its opinion, the trial court ruled on the issues raised by the City's motion for reconsideration without having afforded the City a hearing and, at the same time, solicited ex parte affidavits which provided the evidentiary support for certain findings of fact made in the opinion.

---

[2] Given that it had not expressly granted reconsideration within the period for appealing the May 19, 1987 order, the entry of this order was superfluous.

Finally, the City contends that the trial court abused its discretion in dismissing its motion for post-trial relief for failure to file a timely brief in support of it while, at the same time, granting appellee permission to improve upon memoranda of law that she had filed in support of her motions for delay damages and for sanctions and attorney fees. According to the City, those memoranda were never filed with the post-trial motions clerk within the time prescribed by Rule 240. Furthermore, at the time the court granted the appellee such permission to improve the memoranda, the period for filing briefs in support of those motions had expired. Before addressing these issues, we address two other issues raised by the appellee.

Pennsylvania Rule of Appellate Procedure No. 2116(a) provides, in pertinent part, that:

> [The statement of the questions involved] should not ordinarily exceed fifteen lines, must never exceed one page and must always be on a separate page, without any other matter appearing thereon.

Here, the "Statement of Questions Involved" section of the City's brief, as originally filed, violated the above rule, inasmuch as it covered two pages, with three issues appearing on the first page and the remaining issues on the second page. The appellee contends that this violation of Rule 2116(a) should result in either striking the appeal or in a limitation of the appeal to those issues appearing on the first page of the Statement of Questions. We note, however, that, after the City's brief was filed, it filed a one page replacement "Statement of Questions Involved" section, on which all five of its issues appeared. Therefore, we will not exercise the discretion that we have to sanction the City for noncompliance with Pa. R. A. P. No. 2116(a).

Appellee also contends that certain issues raised by the City in this appeal were not raised in either the City's motion for reconsideration or amended motion for

reconsideration and that, therefore, they should be deemed to have been waived for the purpose of this appeal. The City contends that it did raise all of the issues that it seeks to raise on this appeal and that the appellee is confusing failure to present issues to the trial judge with failure to present legal arguments to the trial judge.

In order for issues to be preserved for appeal, the law requires only that they be raised at the earliest opportunity. *Commonwealth v. Cieri*, 346 Pa. Superior Ct. 77, 94 n.7, 499 A.2d 317, 326 n.7 (1986). Here, the trial judge entered an order granting the appellee's motion to dismiss the City's motion for post-trial relief without having afforded the City the opportunity to file an answer or answering memorandum to that motion within the period of time prescribed by Philadelphia Civil Rule 140(B) for the filing of such a pleading.[3] Under such circumstances, the earliest opportunity the City would have had to raise in the trial court the issues that it seeks to raise on appeal would have been in a motion for reconsideration. There is no requirement, however, that a party file a motion for reconsideration raising an issue that it seeks to raise on appeal in order

---

[3] Philadelphia Rule 140, captioned "Motion List Procedure", provides in pertinent parts:

(B). Service Requirements.

(1) A copy of the documents filed shall be served immediately on all interested parties, together with the notice that the papers have been filed and that any Answer or Answering Memorandum must be filed by a date not later than twenty (20) days of the filing date for discovery motions, and (b) thirty (30) days of the filing date for non-discovery motions.

(C) Response Requirements.

A party opposing the relief requested must file [the following documents] with the Motion Clerk, not later than 4:30 p.m., on the date required by Section (B):. . . .

for that issue to be a reviewable issue on appeal. Therefore, even if we were to agree with the appellee's contention that the City has failed to raise certain of the issues that it seeks to raise on this appeal in its motion for reconsideration, that failure is of no consequence.

Rule 240, captioned "Post-Trial Motions and Exceptions", provides in pertinent part:

(5) The court reporter shall file a copy of the notes of testimony, or such parts of the notes as are transcribed, with the Post-Trial Motion Clerk, no later than forty-five (45) days after they are ordered. The Post-Trial Motion Clerk shall notify all counsel in writing of the availability of the transcribed notes.

(6) The moving party shall file its brief in support of the exceptions or motions within thirty-five days after the date of the Post-Trial Motion Clerk's notice of availability of notes of testimony. If it has been certified that the notes of testimony are not essential, the moving party shall file his brief within thirty-five (35) days of the exceptions or post-trial motions. . . . The responding party shall file their briefs with the Post-Trial Motion Clerk within fifteen (15) days after receipt of the moving party's brief.

Should the moving party fail to file his brief within the thirty-five (35) days (unless an extension is allowed by the Court), the exceptions or motions shall be dismissed with prejudice. Should the responding party fail to file his brief within the said fifteen (15) days (unless an extension is allowed by the Court), the Clerk shall mark the exceptions or motions unopposed and forward the record to the trial judge for disposition.

The City argues that subsection (C)(6) of this rule is inconsistent with the Pennsylvania Rules of Civil Procedure 126 and 239(f). We turn first to the latter rule.

Rule 239(f) states:

> No *civil action or proceeding* shall be dismissed for failure to comply with a local rule other than one promulgated under Rule of Judicial Administration 1901.[4] (Emphasis added.)

Here, the City's motion for post-trial relief was dismissed for failure to comply with a local rule. Dismissal of a motion for post-trial relief, however, does not constitute dismissal of an "action", *Davison v. John W. Harper, Inc.*, 342 Pa. Superior Ct. 560, 566, 493 A.2d 732, 736 (1985). Nor does it constitute dismissal of a "proceeding". Therefore, Rule 239(f) does not directly control the present matter.

In support of its contention that the trial judge, in dismissing its motion for post-trial relief pursuant to Rule 240(C)(6), acted inconsistently with Pennsylvania Rule of Civil Procedure No. 126, the City refers us to the following passage from the Pennsylvania Supreme Court decision in *Byard F. Brogan, Inc. v. Holmes Electric Protective Co.*, 501 Pa. 234, 239-40, 460 A.2d 1093 (1983):

> 'Procedural Rules are not ends in themselves but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives. It is for this reason that Pa.R.C.P. No. 126 . . . provides: "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to

---

[4] Rule of Judicial Administration 1901 directs the common pleas courts and the tribunals below them to provide rules for the terminations of actions which have been inactive for an unreasonable length of time.

which they are applicable. The court at every state of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantive rights of the parties." . . .

The trial of a lawsuit is not a sporting event where the substantive legal issues which precipitated the action are subordinate to the 'rules of the game.' A lawsuit is a judicial process calculated to resolve legal disputes in an orderly and fair fashion. It is imperative that the fairness of the method by which the resolution is reached not be open to question. *A rule which arbitrarily and automatically requires the termination of an action in favor of one party and against the other based upon a non-prejudicial procedural mis-step, without regard to the substantive merits and without regard to the reason for the slip, is inconsistent with the requirement of fairness demanded by the Pennsylvania Rules of Civil Procedure.* Rule 126 is not a judicial recommendation which a court may opt to recognize or ignore. Rather the rule is a statement of the requirement of fairness and establishes an affirmative duty courts are bound to follow in applying all procedural rules whether they be statewide or local in origin. (Emphasis added.)

In *Brogan*, the rule that the Supreme Court was condemning by the underlined portion of the above passage was a Montgomery County local rule which mandated that upon late filing of briefs the court was to decide a pending motion, petition or preliminary objection against the tardy party. Rule 240(C)(6) requires a moving party on a motion for post-trial relief to file his brief within thirty days of the issuance of the notice of availability of the notes of testimony by the post-trial motions clerk upon the penalty of an automatic dismis-

sal of its motion. Clearly it is the same type of rule as that which was condemned by the Supreme Court in *Brogan* and those which were thereafter condemned by the Superior Court in reliance upon *Brogan. See e.g. Ricci v. Ricci,* 318 Pa. Superior Ct. 445, 465 A.2d 38 (1983) (Montgomery County local rule requiring parties to file briefs within thirty days of the filing of a praecipe for argument on exceptions to a decree nisi upon the penalty of automatic determination against the defaulting party invalidated); *Wills Equipment Co. v. Goldman Enterprises,* 325 Pa. Superior Ct. 116, 472 A.2d 674 (1984) (York County local rule which required a moving party to file its brief within ten days of the filing of a pleading, motion, petition or other proceeding raising an issue for disposition, and the responding party to file its brief within ten days after service of the moving party's brief, upon the penalty of automatic determination against the defaulting party invalidated). It "requires mandatory and inflexible determinations of [motions] according to the dates of filing briefs and without regard for the merits or other considerations of equity and fairness." *Ricci,* 318 Pa. Superior Ct. at 448, 465 A.2d at 39. *Cf. Appeal of Lynch Community Homes, Inc.,* 105 Pa. Commonwealth Ct. 29, 522 A.2d 716 (1987) (local rule which set forth *discretionary sanctions* [including dismissal] for failure to file a timely brief, as opposed to a sanction of *automatic* dismissal for such failure, was not invalid under the dictate of *Brogan*).

However, even though Rule 240(C)(6) may be in conflict with Pa. R.C.P. 126, an order of a trial judge disposing of a motion for post-trial relief against the party who has failed to comply with a brief filing requirement on the basis of that noncompliance need not always be reversed. Where the trial court has given consideration to the reason offered by the defaulting party for his noncompliance with the brief filing requirement

of Rule 240 and determined that it does not constitute a reasonable excuse for noncompliance with that rule, its order disposing of the motion for post-trial relief because of the noncompliance with the brief filing requirement will not be reversed provided that, in entering that order, it did not commit an error of law or abuse of discretion.

It would appear from a reading of the order appealed from in the present matter that the trial judge summarily dismissed the City's motion for post-trial relief for noncompliance with the briefing requirement contained in Rule 240(C)(6), without considering the reason offered by the City for such noncompliance. The order reads as follows:

AND NOW, to wit this 19th day of May, 1987, upon motion of M. Mark Mendel, Esq., attorney for plaintiff, requesting that Post Trial Motions filed by the defendant be dismissed with prejudice, the Court finds that:

A civil trial was commenced on October 15, 1986 and concluded on October 30, 1986 before the undersigned sitting with a jury, at which time a verdict was returned in favor of the plaintiff. On November 17, 1986, pursuant to Philadelphia Rule 240, defendant filed Post-Trial Motions. On April 1, 1987, the post-Trial Motions Clerk of the Court of Common Pleas, sent letters to all counsel requiring the moving party, in this matter, the City of Philadelphia, to file their brief within 35 days of the date of said notice. To date, more than 35 days after having passed and this Court has not received defendant's brief.

THEREFORE, it is ORDERED and DECREED, that Post-Trial Motions filed by defendant are dismissed with prejudice.

However, once the trial judge had before it the City's motion for reconsideration, by which the City

sought a vacation of the May 19, 1987 order for the reason that has been offered by it for its noncompliance with Rule 240(C)(6), which reason was set forth therein, it did give consideration to that reason. Upon doing so, as reflected in the opinion filed, it determined that the alleged lack of receipt by Ms. Lynch of the April 1, 1987 notice mailed to her, and her not having seen a copy of that notice until May 13, 1987, did not excuse the City's noncompliance with Rule 240 and that dismissal of the City's motion for post-trial relief was therefore warranted. At this point, it must be determined whether the trial court, in reaching that conclusion, committed an error of law or an abuse of discretion.

In concluding that Ms. Lynch's alleged lack of receipt of the April 1, 1987 notice mailed to her, and her not having seen a copy of that notice until May 13, 1987, did not excuse the City's noncompliance with Rule 240, the trial judge, in his opinion, stated:

The significance of te [sic] dates referred to made clear by Philadelphia Civil Rule 240(c)(6), which states that the trial testimony shall be transcribed in whole or part as the parties agree (Philadelphia Civil Rule 240(c)(3)), subsections (4) and (5) further elaborate the procedure of having the Trial Testimony transcribed diligently. Subsection (6) provides for the filing of a brief within thirty-five (35) days of being advised that the Notes are available. The Rule further provides:

*Should the moving party fail to file his brief within the thirty-five (35) days (unless an extension is allowed by the Court), the exceptions or motions shall be dismissed with prejudice.*

It is obvious that the rule requires the moving party's brief thirty-five days after the Notes are available. The Notes were available and dis-

tributed to the plaintiff and defendant before the end of January, 1987. Ergo the moving party's brief was due by the close of business March 3, 1987. However, a letter pursuant to Rule 240 (c)(6) [sic] supra, was sent to the parties on April 1, 1987, by the Clerk of Motion Court, possibly extending the date for briefing to May 6, 1987. This letter was never returned to Motion Court[.] (See Affidavit of Motion Court Clerk attached hereto)[.]

The presumption of long standing is that it was received. Maura Lynch does maintain her law office at the address stated. Defense attorney claims not to have received said letter because it was not addressed to the 'City of Philadelphia' and/or it didn't have the floor numbered where she worked. *This would be material if defense attorney had not previously received the Notes of Testimony.*

It is apparent from this excerpt that the trial court interpreted Rule 240 to require a moving party to file its brief in support of the motion for post-trial relief within thirty-five days *after the earlier of the date of receipt of the notes of testimony by the moving party or the date of the issuance of the notice of availability of notes of testimony by the post-trial motions clerk.*[5] Ap-

---

[5] Apparently the trial court shared the appellee's view concerning the situation that Rule 240 was designed to prevent. According to that view, Rule 240 was designed to prohibit a moving party on a motion for post-trial relief from sitting back and waiting until the notes of testimony had been delivered to it before preparing a brief in support of that motion, even though the notes of testimony had been prepared and filed with the post-trial motions clerk. Where, however, the notes of testimony are delivered to counsel before, or at the same time that, the notes of testimony are filed with the post-trial motions clerk, the post-trial motions clerk's act of giving notice to counsel of availability of the notes of testimony is superfluous.

plication, construction and interpretation of a local rule of court are matters primarily to be determined by the court promulgating the local rule and appellate courts will interfere only where the court commits an abuse of discretion in interpreting the local rule. *Vision Service Plan of Pennsylvania v. Pennsylvania AFSCME Health and Welfare Fund,* 326 Pa. Superior Ct. 474, 474 A.2d 339 (1984). We believe that such an abuse has occurred here.

Pennsylvania Rule of Civil Procedure No. 127(b), provides that when the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. Local Rule 240 states that the moving party's post-trial motions brief is to be filed thirty-five (35) days "after the date of the *Post-Trial Motions Clerk's notice of* availability of notes of testimony." These words are clear and free from all ambiguity and have but one meaning; that the moving party must file his brief within thirty-five days after the date borne by the notice of availability of notes of testimony.

Since the trial court abused its discretion in interpreting Rule 240(C)(6) as it did, it follows that its negative implication that Ms. Lynch's claim that she never received the April 1, 1987 notice mailed to her, and never saw a copy of that notice until May 13, 1987, was immaterial was erroneous. Since the filing period established by Rule 240(C)(6) commences from the date of the notice issued by the post-trial motions clerk of the availability of the notes of testimony, the issue of fact as to whether Ms. Lynch had actually received the April 1, 1987 notice mailed to her would be material, since, if she had not received that notice and had never seen a copy of it until that date, she would not have known that the City's brief was due on May 6, 1987 until one week after that date had passed.

In its opinion, the trial court found that the notice of availability of the transcribed notes of testimony was mailed by the post-trial motions clerk on April 1, 1987 to an address at which Ms. Lynch maintained her office and that the notice was not returned to the post-trial motions clerk. From those findings, it recognized that she was *presumed* to have received the April 1, 1987 notice. It never found that Ms. Lynch had *actually* received the April 1, 1987 notice. The evidence supporting the findings of fact which gave rise to the presumption of receipt is an ex parte affidavit of the post-trial motions clerk which stated in pertinent part:

I, MARY DePASQUALE, Motion Court Clerk-did mail notice of briefing schedule to all parties in the above captioned matter on April 1, 1987. (See correspondence attached.) This correspondence has never been returned to this office after it's [sic] mailing.

It is true that, under Pennsylvania law, evidence that an item of mail properly addressed, posted and deposited in the mail, if believed, gives rise to a presumption that that item was received by the addressee. *Meierdick v. Miller,* 394 Pa. 484, 147 A.2d 406 (1959). While there is evidence which supports the facts giving rise to the presumption-namely, the ex parte affidavit of the post-trial motions clerk, the City contends that the trial court, in relying upon that document to make those findings of fact in its opinion, violated its constitutional right to confront and cross-examine witnesses. We agree. The right of a litigant to confront and cross-examine adverse witnesses is essential to due process. "In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." *Goldberg v. Kelly,* 397 U.S. 254 (1970) (citing extensive authority).

Furthermore, the presumption of receipt, is not a conclusive presumption; instead it is one which is rebuttable by evidence showing that the item was not received by the addressee. *Berkowitz v. Mayflower Securities, Inc.*, 455 Pa. 531, 317 A.2d 584 (1974).[6] Here, because it had concluded that Ms. Lynch's alleged lack of receipt of the April 1, 1987 notice mailed to her, and her not having seen a copy of that notice until May 13, 1987, would not have excused the City's noncompliance with Rule 240, the trial court failed to afford the City an opportunity to present evidence to rebut the presumption of receipt that it found to have arisen. Since, however, Ms. Lynch's lack of receipt of the April 1, 1987 notice mailed to her, and her not having seen that notice until May 13, 1987, would have constituted a reasonable excuse for the City's noncompliance with Rule 240 (C)(6), the trial court should have determined whether Ms. Lynch had actually received the April 1, 1987 notice mailed to her and had not seen it until May 13, 1987. Before doing so, of course, it should have afforded the City the opportunity to present any evidence it wished to offer to rebut the presumption of receipt. Failure to do so would, as the City contends, constitute a violation of another right essential to due process.

Accordingly, it is the conclusion of this Court that this matter must be remanded for the making of a finding as to whether Ms. Lynch actually received the April 1, 1981 notice mailed to her. On remand, the City must be afforded the opportunity to confront and cross-examine the post-trial motions clerk, as well as an opportunity to present any evidence that it wishes to offer to rebut the presumption of receipt. This need not be done, however, in an evidentiary hearing before a judge.

---

[6] Denial of receipt of the item, by itself, is, however, insufficient to rebut the presumption. *Id.*

We note that Philadelphia Civil Rule 135 provides that "[n]o witnesses will be examined at Bar on the hearing of motions and rules except by order of the Court" and that, under Philadelphia Civil Rule 140, "[w]here disputed issues of fact exist to be resolved under Pa. R.C.P. 209, the assigned judge shall enter a rule upon the parties to proceed in accordance with said Rule." Accordingly, on remand, a rule may be issued upon the City and the appellee to proceed in accordance with Pennsylvania Rule of Civil Procedure No. 209.

If, on remand, it is found that Ms. Lynch did actually receive the April 1, 1987 notice mailed to her, dismissal of the City's motion for post-trial relief would be warranted, since, there being no other excuse offered by the City for its failure to file its brief on time, the reason for the City's noncompliance would have been the mere inadvertence of its counsel. *See E.J. McAleer & Co., Inc. v. Iceland Products*, 475 Pa. 610, 381 A.2d 441 (1977). On the other hand, if it is found that Ms. Lynch did not actually receive the April 1, 1987 notice mailed to her and that a copy of that notice was not actually seen until May 13, 1987, the appellee's motion to dismiss the City's motion for post-trial relief must be denied, the brief in support of the post-trial motions brief tendered by the City with its amended motion for reconsideration accepted, and the merits of the City's motion for post-trial relief ruled upon.

We note that the City requests that, if this Court remands the matter for a determination as to whether the City actually received the April 1, 1987 notice, we remand it to an out-of-county judge. The reason it requests such relief is its contention that the trial judge is biased against it and has demonstrated that bias by granting the appellee's motion to dismiss its motion for post-trial relief, and dismissing its motion for reconsideration and amended motion for reconsideration, on the

grounds that it did and in the way that it did.[7] While the trial judge may have improperly dismissed the City's motion for post-trial relief, we do not believe that the City, merely by showing that he did so, has established the bias, prejudice or unfairness that must be shown before this Court will order the consideration of this matter on remand by another judge.

Consequently on remand, the trial judge may decide whether the City had actually received the April 1, 1987 notice.

Having reached the above conclusions on the grounds that have been discussed, we need not consider the remaining complaint of the city regarding the trial judge's grant of permission to the appellee to improve upon memoranda of law which she had submitted in support of her post-trial motions for delay damages and for sanctions and attorneys' fees.

## ORDER

Now, September 19, 1988, the order of the Court of Common Pleas of Philadelphia County dated May 19, 1987, at No. 529 April Term, 1983 is vacated and this matter is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

---

[7] Specifically, in footnote 22 of its Brief, the City contends that the trial judge has demonstrated its "closed mind" against the City on the issue of whether it actually received the April 1, 1987 notice by (1) dismissing the City's motion for post-trial relief before the City's counsel could respond to appellee's request for dismissal, (2) ignoring a letter requesting time for formal reply, (3) refusing to grant either of two petitions for reconsideration, (4) writing an opinion that "re-writes the local rule" and (5) dismisses the motion for post-trial relief based on failure to comply with a mandatory filing period.