## Johnson v. Cole

*Susan Reiter,* for plaintiff.
*Robert Ward,* for defendant.

LEVIN, *J.,* March 2, 1989 — This matter is before the court on defendant's praecipe for a writ of certiorari on a district justice judgment and appeal

nunc pro tunc from a district justice judgment. The subject matter was a suit involving dental work done by plaintiff for defendant. The matter was brought before District Justice Peter Nakoski on March 21, 1986 at claim no. TA 52-386. After the complaint was filed, service was effected on defendant for a hearing to be held on April 23, 1986. Based on the *records* of the district justice, the hearing was continued until May 1, 1986. The district justice *records* reveal that the parties agreed to postpone the hearing for at least 60 days to allow defendant to obtain a second opinion regarding the dental work. Also, the district justice *records* show that the parties were notified via regular mail dated July 16, 1986, that a hearing would be held on August 6, *1988*. In addition, the district justice *records* disclose that defendant did not appear on August 6, 1986, at which time default judgment was entered against her in the amount of $1,276. The district justice *records* indicate that notice of the entry of judgment was sent by regular mail, dated August 6, 1988. The district justice *records* as to the dates of hearing and notices mailed were not definitely backed up by direct testimony.[1] Defendant did not appeal the entry of judgment against her on August 6, 1986. On November 7, 1988, plaintiff caused an order of execution and notice of levy to be issued by the district justice. These

---

1. Q: And you believe — you have a recollection specifically of sending out the notices which we've marked as F [Notice of the August 6, 1986, hearing, dated August 6, 1988] and G [Notice of entry of judgment], or their alter egos F-1 and G-1 [corrected notices] to Yvonne Cole?

A: Well, I can only assume, going by the fact that all the copies are gone, there would be no reason not to send it. Deposition of Barbara Ruhling (District Justice Secretary for Peter Nakoski).

papers were duly served on defendant on December 19, 1988, at 5204 Robinhood Lane, Erie, Pennsylvania 16509. Thereafter, defendant by her counsel filed with the district justice an objection to the levy. On January 3, 1989, defendant's counsel filed with this court a praecipe for a writ of certiorari on a district justice judgment or alternatively an allowance of an appeal nunc pro tunc from the district justice's judgment. The court at that time entered an order staying execution proceedings until a hearing could be held. A hearing was held on February 21, 1989. Defendant never moved her residence at 5204 Robinhood Lane from the time suit was instituted until the present time. These facts are not disputed. On the other hand, defendant, irrespective of the district justice records, states she was only at one hearing held in April. No settlement was reached but rather, it was agreed that the matter be reviewed by a third party. Defendant also denies the accuracy of the district justice records concerning the various notices mailed to her and the hearings held other than the one in April and in fact testified that the only notice she received was the one that prompted her appearance at the hearing in April 1986.

At this time, the court will not attempt to resolve all the factual disputes. Rather, it will concern itself with the key issue of whether defendant in fact received notice of a hearing on August 6, 1986, and notice of judgment.

The remedies of certiorari and appeal nunc pro tunc are mutually exclusive. A judgment of district justice may not be the subject of both certiorari and appeal. Pa. R.C.P.D.J. 1015. Therefore, this court must preliminarily determine which is the proper motion before it.

A praecipe for writ of certiorari is appropriately

filed only where the appellant claims (1) lack of jurisdiction over the parties or subject matter; (2) improper venue; or (3) gross irregularity of procedure. Pa. R.C.P.D.J. 1009(A). If lack of personal or subject matter jurisdiction is alleged, the praecipe may be filed *anytime* after judgment. In all other instances, it must be filed within 30 days after entry of judgment. Pa. R.C.P.D.J. 1009(B). There is no question that the remedy of certiorari is not available to defendant here. Neither improper venue nor gross irregularity of procedure can be the basis for certiorari because the praecipe was filed later than 30 days after the date of judgment. For purposes of certiorari, jurisdiction is not at issue here. The district justice had subject matter jurisdiction, and defendant waived any assertion of lack of personal jurisdiction when she appeared at the hearing of April 23, 1986. Thus, the only issue before the court is whether an appeal nunc pro tunc should be permitted.

The rules provide that a party aggrieved by district justice judgment may appeal therefrom within 30 days after the date of judgment. Pa. R.C.P.D.J. 1002. They further require that the district justice promptly give mail notice to the parties of a judgment, dismissal, or continuance. This notice must contain advice as to the right to appeal to the court of common pleas. Pa. R.C.P.D.J. 324. Where there are mitigating circumstances, a party who fails to appeal an adverse judgment within the time mandated by statute may be permitted to take an appeal nunc pro tunc. It is the defendant's burden to show such mitigating circumstances. In *Conrad v. Kemmerer,* 301 Pa. Super. 410, 447 A.2d 1032 (1982), the districe justice issued a default judgment against the defendant on February 10, 1981. Notice of same was not received by the defendant until February

20, 1981. He did not file an appeal until March 19, 1981. The *Conrad* court held that the defendant was not prejudiced by the delay even though his 30-day appeal period was in essence reduced by 10 days. To similar effect, the court in *Goldberg v. Goldberg,* 315 Pa. Super. 333, 461 A.2d 1307 (1983), held that delay in notice alone is not enough to show prejudice and allow an appeal nunc pro tunc. Defendant must allege and prove more. The above cases do not, however, deal with lack of any notice of judgment whatsoever.

If the court were to accept plaintiff's contention that an appeal must be filed within 30 days after entry of judgment even though defendant did not receive notice, it would reach an absurd result. For illustration purposes, a judgment could be entered against defendant of the continued hearing or notice of entry of judgment and after six to 10 years, judgment could issue. Obviously, this cannot be the law.

In Pennsylvania, there is a longstanding rebuttable presumption that an item properly mailed has been received. Mere denial of receipt alone is not sufficient to rebut the presumption. *Berkowitz v. Mayflower Securities Inc.,* 455 Pa. 531, 317 A.2d 584 (1974). While the *Berkowitz* case remains valid law in Pennsylvania, several common pleas courts have lessened its rigidity. In *Roropaugh v. Erie Insurance Group,* 107 Dauphin Rep. 389 (1987), the court held that the credibility of defendant's testimony that he didn't receive notice of entry of judgment was sufficient to rebut the presumption. The *Roropaugh* court went so far as to state:

"While the presumption may still be valid;, it has to be weighed in light of our knowledge of the present day workings of the post office and the facts

of each case assessed. After all, if it wasn't received, what else can a person say except that he didn't get it?" *Id.* at 391.

The *Roropaugh* case was affirmed without opinion at 541 A.2d 38 (1988). See also *Department of Transportation v. Wolf,* 70 D.&C. 2d 733 (1975).

The most recent appellate court case addressing this issue restated the rule that the presumption of receipt is not a conclusive one; instead it is rebuttable by evidence showing that the item was not received by the addressee. *City of Philadelphia v. Tasker,* 119 Pa. Commw. 519, 547 A.2d 1261 (1988). Yet as the *Tasker* court pointed out, denial of receipt of the item, by itself, is insufficient to rebut the presumption. *Id.* at 535, 547 A.2d at 1268.

In their reasoning, the *Roropaugh* and *Wolf* courts may have considered that the law must adjust to the realities of modern-day life. In affirming that position, this court is reminded of the following words of Joseph Weintraub:

"For my own part, I have no doubt the singular glory of the common law was its capacity to adjust and correct its thinking. Indeed, without that capacity, our inheritance from the common law would have been a collection of curious concepts." Weintraub, Joseph, "Charitable and Governmental Immunity." 148 N.Y.L.J. (1962).

For the purposes of this court's ruling the only relevant documents are the service effected on defendant on March 26, 1986, the notice setting forth the date of the August 6, 1986, hearing and the notice of entry of judgment. Defendant denies receiving the latter two notices. No resolution need be made regarding the other notices; any typographical errors or incorrect dates thereon are immaterial.

This court was impressed with the sincerity of

defendant's sworn testimony which weighs heavily in favor of finding that she did not receive notice of the August 6 hearing or of the entry of judgment. In strong support of defendant's credibility is the fact that she appeared at the initial hearing to contest the dispute. At that time defendant recollects an agreement between the parties to submit the claim to a third party. On the other hand, plaintiff claims that the purpose of continuing the hearing was to obtain a second medical opinion. This confusion would explain why defendant came forward for the first hearing yet failed to contact the district justice office to inquire whether the hearing had been rescheduled. Also persuasive is the fact that defendant is incurring a great deal of cost for legal services to contest a bill in the amount of $1,200. In light of these circumstances, it is highly improbable that defendant, had she received notice, would have ignored it and permitted judgment to be entered against her. Hence, this is not a case where defendant merely denied receipt of notice.

Further, this is not a case where defendant received notice of entry of judgment *late* but before the appeal period had lapsed as in *Conrad, supra,* and *Goldberg, supra.* The facts and circumstances as determined by this court, which amount to more than a mere denial, indicate that the notices of hearing and entry of judgment were *never* delivered to defendant. Whether this error occurred at the administrative level (i.e. it was never sent) or at the U.S. Post Office level (i.e. it was lost in the mail), equity requires that defendant's appeal nunc pro tunc be granted. This unfortunate event could not have occurred if notice had been sent by certified mail.[2]

---

2. Even though the rules do not so require, the court could

There is sufficient evidence before this court to prove that a possible breakdown in the district justice's procedure occurred. In addition, the instant facts adequately rebut the general rule that an item mailed and not returned to sender is presumed received by the addressee.

Defendant's appeal nunc pro tunc is granted and the praecipe for writ of certiorari is ordered stricken from the record.

## ORDER

And now, March 2, 1989, it is hereby ordered, adjudged and decreed that defendant Yvonne Cole's appeal nunc pro tunc is granted and plaintiff's motion to strike rule and petition for appeal nunc pro tunc is denied. It is further ordered that the praecipe for writ of certiorari be stricken from the record. Defendant shall be allowed to follow through on her appeal.

---

recommend that notice from the district justices' offices be sent certified mail as well as regular U.S. mail. It is interesting to note that the Pennsylvania appellate courts have held that in appeals of suspensions of operators' licenses, the appeal notice must be sent to the parties by certified mail. See *McNeilis v. Department of Transportation,* 119 Pa. Commw. 272, 546 A.2d 1339 (1988). It only stands to reason that if an appeal must be sent by certified mail, it would be a far better practice to send notice of entry of judgment in a similar fashion.