# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ramon Vasquez, :
       Appellant :
          :
      v. : No. 1099 C.D. 2019
          : Submitted: April 17, 2020
Berks County, Janine Quigley, :
Jeffrey Smith, Jay Phillips, Miguel :
Castro, Stephen Dew, Michael :
Johnson, Charles Fisher, Dustin :
Remp, Sgt Tassone, CO Matta :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
       HONORABLE PATRICIA A. McCULLOUGH, Judge
       HONORABLE J. ANDREW CROMPTON, Judge


**OPINION NOT REPORTED**


MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER        FILED: July 30, 2020

Ramon Vasquez, pro se, appeals from an Order of the Court of Common Pleas of Berks County (common pleas) dated March 18, 2019, denying Vasquez's second Petition for Leave to Appeal *Nunc Pro Tunc* (Second Petition). Vasquez asserts that common pleas erred or abused its discretion by denying him the opportunity to appeal *nunc pro tunc* a March 23, 2018 common pleas' Order granting Preliminary Objections (POs) filed by Berks County, Janine Quigley, Jeffrey Smith, Jay Phillips, Miguel Castro, Stephen Dew, Michael Johnson, Charles Fisher, Dustin Remp, Sgt. Tassone, and CO Matta (collectively, Appellees) and dismissing Vasquez's amended complaint. Upon review, we vacate and remand for common pleas to hold

an evidentiary hearing to allow Vasquez the opportunity to present evidence in support of his Second Petition.

## I. Factual Background

Vasquez filed a complaint with common pleas in January 2017 against some of the named Appellees,[1] seeking damages under Section 1983, 42 U.S.C. § 1983,[2] for alleged tort claims and violations of his constitutional rights arising from restrictions imposed upon Vasquez and Appellees' actions during Vasquez's incarceration in the Disciplinary Segregation Unit at the Berks County Jail in 2015. After the filing of an Answer and New Matter by the named Appellees, Vasquez filed an amended complaint, adding as parties the remaining Appellees, and continuing to assert tort claims and violations of his constitutional rights during his incarceration in the Disciplinary Segregation Unit. Appellees filed POs to the amended complaint in the nature of a demurrer, asserting that all of Vasquez's claims failed as a matter of law, and filed a brief in support. Vasquez filed a brief in response in June 2017, and the parties agreed that common pleas would decide the POs on the briefs.

---

[1] Vasquez's first complaint named as defendants: Berks County, Janine Quigley, Jeffrey Smith, Jay Phillips, Miguel Castro, Stephen Dew, Michael Johnson, Charles Fisher, and Dustin Remp.

[2] Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

By letter docketed on March 22, 2018, Vasquez notified the Office of the Prothonotary of Berks County (Prothonotary) that he had been transferred to a different prison location and inquired as to the status of his case. A handwritten note on the filed copy of this correspondence indicates that the docket summary was sent on March 23, 2018. (Record (R.) Item 24.) Although not docketed, Vasquez contends in his filings before common pleas and before this Court that a confirmation of his change in address from the Prothonotary was mailed on March 23, 2018, as well. Common pleas issued its order sustaining Appellees' POs and dismissing Vasquez's amended complaint in its entirety with prejudice on March 23, 2018, (R. Item 25), and, per the docket notation, "[c]opies and notices [were] sent on 03/26/18." (Docket at 3.)

The next docket activity was not until June 1, 2018, when Vasquez filed a Petition for Reconsideration/Or Direct Appeal Rights *Nunc Pro Tunc* (First Petition), contesting the merits of Appellees' POs and asserting that he was entitled to *nunc pro tunc* relief to file his direct appeal because the Prothonotary did not send adequate notice of the March 23, 2018 Order, contrary to the Prothonotary's obligation to do so under Pennsylvania Rule of Civil Procedure 236, Pa.R.C.P. No. 236.[3] Vasquez asserted that the only notice he received from the Prothonotary during the relevant timeframe was the confirmation of his address change, and he did not receive notice of the March 23, 2018 Order. Vasquez attached to his First Petition a letter dated April 19, 2018, that he sent to the Prothonotary to inquire about the status of the proceedings. This letter is not separately docketed. Vasquez contended that he first learned of the March 23, 2018 Order upon review of a copy of the docket

---

[3] Rule 236 provides that "[t]he prothonotary shall immediately give written notice of the entry of . . . any other order or judgment to each party's attorney of record or, if unrepresented, to each party. The notice shall include a copy of the order or judgment." Pa.R.C.P. No. 236.

3

that he received on May 1, 2018.  Further, Vasquez asserted in his First Petition that he would not have sent the letter of April 19, 2018, seeking an update on the status of the case had he received notice of the March 23, 2018 Order.  (First Petition, Ex. B.)  Because Vasquez did not discover the March 23, 2018 Order until after the 30-day appeal period expired, was prejudiced, and free from fault, Vasquez asked common pleas to reinstate his appeal rights *nunc pro tunc*.  (R. Item 26.)  By order dated June 15, 2018, and docketed June 18, 2018, common pleas granted Vasquez's First Petition and reinstated his appeal rights.  (*Id.*)

However, on June 20, 2018, Appellees filed a Response to Vasquez's First Petition, addressing Vasquez's substantive arguments as to the merits of his claims and the request for *nunc pro tunc* relief.  With regard to Vasquez's request for *nunc pro tunc* relief, Appellees contended that Vasquez presented no evidence other than bold assertions that he did not receive common pleas' March 23, 2018 Order and the docket entries indisputably demonstrated that the Prothonotary entered that order and provided notice of it to the parties.  Therefore, Appellees asked common pleas to deny Vasquez's First Petition.  (R. Item 27.)  By order dated June 22, 2018, and docketed June 26, 2018, common pleas issued a rule returnable, scheduled a hearing on Vasquez's First Petition for August 1, 2018, and vacated its prior order granting the First Petition.  (R. Item 28.)  In the meantime, Vasquez appealed to this Court on June 28, 2018, but his notice of appeal was sent back for correction as he had not served common pleas.[4]  *Vasquez v. Berks County* (Pa. Cmwlth., No. 889 C.D. 2018).  On July 17, 2018, Vasquez filed an application to stay his appeal with this Court based upon common pleas' scheduling of the August 1, 2018 hearing, which according to Vasquez, rendered his appeal premature as there was not yet a final

_____

[4] We note that the notice of appeal was docketed on June 29, 2018, but is stamped as received on June 28, 2018.  This Court marked the notice of appeal as being filed on June 28, 2018.

4

order from which he could appeal. Unbeknownst to Vasquez, common pleas issued an order dated July 13, 2018, and docketed July 16, 2018, cancelling the hearing. (R. Item 34.) On August 8, 2018, Vasquez's appeal was dismissed for failure to comply with the defect correction notice and the application for a stay was dismissed as moot.

Meanwhile, before common pleas, Vasquez sent the Prothonotary another letter, dated July 15, 2018, and docketed on July 19, 2018, inquiring into the status of his case, noting he received an order that a hearing was scheduled and inquiring if anything had changed.[5] (R. Item 35.) On September 5, 2018, common pleas issued an order denying Vasquez's First Petition. (R. Item 39.)

Vasquez then filed a Petition for Reconsideration with New Evidence (Petition for Reconsideration) on October 1, 2018, in which he asserted that he had new evidence demonstrating notice of common pleas' March 23, 2018 Order was not sent to him. Specifically, Vasquez contended that his incoming legal mail log, which he attached to the Petition for Reconsideration, showed only one piece of mail from common pleas on March 28, 2018. The legal mail log attached to the Petition for Reconsideration contained entries from March 24, 2018, to April 6, 2018. With the exception of two entries logged on March 28, 2018, all the entries are redacted but for the date and the officer signature. The two unredacted entries on the legal mail log are dated March 28, 2018, and include mail from the Superior Court and the Prothonotary. Vasquez contended the Prothonotary's letter was the confirmation of his change of address. Vasquez argued that Appellees demanded strict proof that he was not notified of the March 23, 2018 Order, but common pleas cancelled the hearing, thereby preventing Vasquez from being able to present his evidence.

_____

[5] A review of the record shows Vasquez repeatedly wrote the Prothonotary throughout this litigation to either inquire about the status of his case or to notify it of a change in address.

5

Accordingly, Vasquez asked common pleas to "reconsider this case in its entirety, and[/]or grant any other relief it may deem just and proper." (Petition for Reconsideration, Wherefore Clause, R. Item 40.) Common pleas denied the Petition for Reconsideration on October 11, 2018 and Vasquez appealed, but we quashed the appeal because common pleas' order denying reconsideration was not a final appealable order. *Vasquez v. Berks County* (Pa. Cmwlth., No. 1639 C.D. 2018, filed December 20, 2018).[6]

Vasquez then filed with common pleas, on March 14, 2019, his Second Petition, seeking leave to appeal *nunc pro tunc* and asserting that the Prothonotary did not comply with Rule 236 by sending notice of the March 23, 2018 Order, and Vasquez's mail log evidence demonstrated that he never received notice. Vasquez contended there was a breakdown in the court system warranting *nunc pro tunc* relief. On March 18, 2019, common pleas then issued the Order that Vasquez currently appeals, denying Vasquez's Second Petition. Common pleas issued its Order using the proposed order provided by Vasquez that was drafted to grant the Second Petition. Common pleas struck through the proposed language granting the Second Petition and handwrote on the Order: "Denied Appeal consideration denied by Comm. Ct. [sic]." (Common pleas Order March 18, 2019, R. Item 54.) Vasquez appealed and, at common pleas' direction, filed a Concise Statement of Errors Complained of on Appeal (Statement) pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(b). Vasquez raised one issue in his statement: whether common pleas abused its discretion when it denied Vasquez's

_____

[6] Prior to the appeal being quashed, common pleas directed Vasquez to file a Concise Statement of Errors Complained of on Appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(b), by order dated November 9, 2018, but per a docket entry on January 2, 2019, the copy of this Order sent to Vasquez was returned to the Prothonotary.

direct appeal rights *nunc pro tunc* given his evidence that he did not receive notice of the March 23, 2018 Order. (R. Item 63.) Common pleas issued its Rule 1925(a) Opinion, explaining that it "had already allowed [Vasquez] to file *nunc pro tunc* on the same issue, and the appeal was quashed." (Rule 1925(a) Opinion (Op.) at 2, R. Item 64.) With regard to Vasquez's "new evidence [of] telephone logs[7] with information redacted," common pleas found it was "not relevant due to the many redactions." (*Id.*) Furthermore, common pleas stated, because it had already granted Vasquez "an opportunity to appeal *nunc pro tunc* on the order sustaining the [POs]," and he did not perfect those appeal rights, common pleas could not grant the Second Petition. (*Id.*)

## II. Parties' Arguments

Vasquez asserts that common pleas abused its discretion in issuing its Order and that there was fraud or a breakdown in common pleas resulting in Vasquez not receiving common pleas' March 23, 2018 Order sustaining Appellees' POs. Vasquez contends that the Prothonotary did not comply with Rule 236 to give written notice to all parties of entries of orders. This noncompliance with Rule 236, Vasquez asserts, constitutes a breakdown in the court's operation. Because his right to *nunc pro tunc* relief is premised upon a breakdown in the court's operations, Vasquez argues he does not need to show a lack of prejudice to the opposing party. Vasquez explains that between the time when the parties agreed for common pleas to decide the POs on briefs and the issuance of the March 23, 2018 Order, Vasquez was transferred from one state correctional institution to another and immediately contacted common pleas to notify it of this change, docketed on March 22, 2018,

---

[7] While common pleas referred to this evidence as telephone logs, the logs attached to Vasquez's Second Petition were clearly labeled legal mail logs.

and confirmed by a return letter to Vasquez on March 23, 2018. Further, Vasquez acknowledges that the docket shows notice of the March 23, 2018 Order was "allegedly sent [on] March 26, 2018," and that the placement in the mail of a properly addressed and posted letter creates a presumption of receipt. (Vasquez's Brief (Br.) at 11.) However, Vasquez notes that this presumption can be overcome by showing that the letter was not received. In this case, Vasquez contends, the Department of Corrections' legal mail log form shows that Vasquez received only one piece of correspondence from the Prothonotary between March 23, 2018, and April 6, 2018, and the Prothonotary has not refuted or denied that Rule 236 was not followed. Common pleas was incorrect that the labeled legal mail logs were telephone logs, Vasquez argues, and moreover, legal mail logs can be used as proof that an individual did not receive notice. (*Id.* at 12 (citing *Brown v. Beard*, 371 F. App'x. 257 (3d Cir. 2010)).)

With regard to his prior appeals to this Court, Vasquez asserts that once an appeal is withdrawn or discontinued, the case is remitted for further proceedings with common pleas and a voluntary discontinuance of an appeal "is not the functional equivalent of an appellate decision." (*Id.* at 13.) Vasquez's First Petition was granted, then vacated, and a hearing was scheduled; thus, Vasquez argues he abandoned and discontinued the first appeal pending common pleas' hearing to determine whether *nunc pro tunc* relief was warranted. Because *nunc pro tunc* relief requires factual determinations and possible evidentiary hearings, Vasquez contends common pleas is the proper forum to entertain the appeal. The issue before this Court of whether Vasquez is entitled to *nunc pro tunc* relief has not been previously decided upon; thus, Vasquez asks us to vacate common pleas' Order, consider

8

Vasquez's evidence, and conclude that Vasquez has shown fraud or a breakdown in common pleas' operations warranting *nunc pro tunc* relief.

Appellees respond that this Court should quash the appeal because it is untimely and from an order denying reconsideration, which is unappealable. Appellees argue that the time for appeal has passed and Vasquez's assertions of a breakdown in common pleas' operations are contrary to the record. According to Appellees, common pleas' docket shows that Vasquez's change of address was received on March 22, 2018, and notice of the March 23, 2018 Order was sent on March 26, 2018. Appellees argue Vasquez waived his right to appeal when he did not appeal within 30 days. Further, Appellees assert, the present appeal is Vasquez's "attempt[] to do indirectly that which he was previously denied from doing directly," by seeking the same relief he sought in his Petition for Reconsideration. (Appellees' Brief at 9.) In both Vasquez's Second Petition and Petition for Reconsideration, Appellees argue that Vasquez asserted a breakdown in common pleas' operations proven by his legal mail log, and common pleas denied this both times. Moreover, this Court quashed the appeal from common pleas' denial of the Petition for Reconsideration. Accordingly, Appellees argue that this Court should quash the present appeal because it is an appeal from another order denying reconsideration.

Appellees further argue that Vasquez is not entitled to *nunc pro tunc* relief because he has not shown that a breakdown in the court system caused him to miss the appeal deadline. Appellees assert that the docket demonstrates notice of the March 23, 2018 Order was provided to the parties on March 26, 2018, and there is no indication that this notice was returned. Further, Appellees note a July 2, 2018 docket entry indicating that the March 23, 2018 Order was resent to Vasquez after Vasquez filed his First Petition. Appellees assert that there was no breakdown in

9

common pleas or fraud warranting *nunc pro tunc* relief. Moreover, Appellees contend that Vasquez's legal mail log does not meet the criteria for newly discovered evidence such that the record can be opened. Although common pleas incorrectly called the legal mail log "telephone logs," it exercised its discretion and did not find the logs persuasive. Accordingly, Appellees ask this Court to affirm common pleas' Order.

Vasquez replies that he abandoned his first appeal to this Court in order for common pleas to conduct an evidentiary hearing on the First Petition. Vasquez asserts that his discontinuance of the timely appeal "reinvest[ed] [common pleas] with the jurisdiction and power to reconsider its prior interlocutory order." (Vasquez's Reply Br. at 3.) Vasquez argues that once common pleas denied the First Petition, it had jurisdiction to consider the Petition for Reconsideration.

## III. Discussion

Appellees assert that Vasquez is appealing an order denying reconsideration and this Court should quash the appeal. An order denying a motion for reconsideration is not an appealable order, *Thorn v. Newman*, 538 A.2d 105, 108 (Pa. Cmwlth. 1988). However, here, Vasquez did not seek nor did common pleas deny reconsideration in relation to the Order presently on appeal. Vasquez appeals the Order that denied his Second Petition, in which he asked common pleas to allow him to appeal *nunc pro tunc* from the March 23, 2018 Order. In support of this relief, Vasquez attached to the Second Petition his legal mail logs and asserted there was a breakdown in common pleas' operations. As opposed to Vasquez's Petition for Reconsideration, in which Vasquez asked common pleas to reconsider its September 5, 2018 Order denying his First Petition, Vasquez asked in his Second Petition to have his appeal rights reinstated *nunc pro tunc*. Common pleas denied that requested

10

relief and, therefore, this is a final appealable order, and we will not quash the appeal on this basis.

Moreover, although common pleas stated in its Rule 1925(a) Opinion that it "had already allowed [Vasquez] to file *nunc pro tunc* on the same issue, and the appeal was quashed," (Rule 1925(a) Op. at 2), we disagree. Vasquez's first appeal before this Court with regard to his First Petition was not perfected. His second appeal was quashed because it was an appeal of an unappealable order. This Court has not yet reviewed the merits of Vasquez's request for *nunc pro tunc* relief because he abandoned his first appeal in order to present evidence before common pleas in support of that relief only to have the hearing canceled, and his appeal of the Petition for Reconsideration was quashed without consideration of the merits because it was an appeal from a nonappealable order. With this in mind, we turn to common pleas' Order presently on appeal.

Vasquez contends that common pleas abused its discretion in denying his Second Petition, as he presented proof warranting *nunc pro tunc* relief. Generally, "the timeliness of an appeal . . . is a jurisdictional question, and an extension of a statutory appeal period cannot be granted as a matter of grace or mere indulgence." *Throop Borough Council v. Throop Prop. Owners Ass'n*, 709 A.2d 950, 954 (Pa. Cmwlth. 1998). Therefore, "[t]he timeliness of an appeal, and compliance with the statutory provisions that grant the right of appeal, go to the jurisdiction of the court to hear and decide the appeal." *Id.* (quoting *Olson v. Borough of Homestead*, 443 A.2d 875, 878 (Pa. Cmwlth. 1982)). A party seeking *nunc pro tunc* relief must show "that the delay in filing the appeal was caused by extraordinary circumstances involving 'fraud or some breakdown in the court's operation through a default of its officers.'" *Weiman by Trahey v. City of Philadelphia*, 564 A.2d 557, 559 (Pa.

11

Cmwlth. 1989) (quoting *Nixon v. Nixon*, 198 A. 154, 157 (Pa. 1938)). "[A] breakdown in the court's operations will be found where the prothonotary fails to give notice of the decree or judgment," *id.* at 559-60, as required by Rule 236, which states that "[t]he prothonotary shall immediately give written notice of the entry of . . . any other order or judgment to each party's attorney of record or, if unrepresented, to each party." Pa.R.C.P. No. 236.

In *Weiman*, we considered whether a court of common pleas erred or abused its discretion in denying the appellant's petition to appeal *nunc pro tunc* where it was asserted that the prothonotary did not provide notice of the judgment. In that case, the appellant commenced an action against the City of Philadelphia (City) relating to an accident, and the trial court granted the City's motion for summary judgment against the appellant by an order purportedly filed on April 26, 1988, and entered on the docket on May 3, 1988. Specifically, the prothonotary entered on the docket on May 3, 1988, that notice of the order was provided pursuant to Rule 236. The appellant alleged in his petition to appeal *nunc pro tunc* that neither he nor his attorney received the notice, but the order was inadvertently discovered three and a half months after the appeal period expired. The trial court denied the petition to appeal *nunc pro tunc*, reasoning that it lacked jurisdiction to hear an appeal *nunc pro tunc* once the appeal period expired and the appellate court should determine such relief.

On appeal, we vacated and remanded the matter to the trial court. While appellate courts may determine whether an appeal *nunc pro tunc* is warranted, we explained that when that decision "involves a factual determination, the better forum to entertain the appeal is the trial court so that an evidentiary hearing may be conducted." *Id.* at 559. Because "there remain[ed] a factual dispute between the

12

parties as to whether the prothonotary actually sent notice of the trial court adjudication to the [appellant] or his attorney despite the docket notice entry," we reasoned the trial court should address this issue. *Id.* (emphasis omitted). Thus, we concluded the trial court erred by not addressing the issue. *Id.*

We noted that both the Superior Court and Supreme Court have "allowed an appeal *nunc pro tunc* where the prothonotary failed to inform the appellant of an order entered against him." *Id.* at 560. We stated that while there is a presumption "that an item of mail properly addressed, posted, and deposited in the mail" was received, the presumption "is rebuttable by showing that the item was not received by the addressee." *Id.* (quoting *City of Philadelphia v. Tasker*, 547 A.2d 1261, 1267-68 (Pa. Cmwlth. 1988)). The entry on the docket that notice was provided pursuant to Rule 236 was "not conclusive as to whether the prothonotary actually sent the notice pursuant to the rule," we explained, and a hearing was "necessary to give the City an opportunity to present evidence . . . ," and for the appellant to "rebut the evidence." *Id.* (emphasis omitted).

Recently, we applied the reasoning from *Weiman* in *Hamilton v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth., No. 984 C.D. 2016, filed March 7, 2017).[8] In that case, the Department of Transportation, Bureau of Driver Licensing (Department) suspended the appellant's operating privilege, the appellant appealed to the trial court, and the trial court held a hearing at which neither appellant nor his counsel appeared. The trial court denied the appeal based on the Department's evidence and reinstated the suspension. The docket showed that the trial court's order denying the appeal was entered and sent to all counsel and parties

---

[8] *Hamilton*, an unreported opinion, is cited for its persuasive value in accordance with Pennsylvania Rule of Appellate Procedure 126, Pa.R.A.P. 126, and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

13

on May 13, 2016. However, when the Department notified the appellant of the suspension on May 26, 2016, the appellant's counsel responded that his appeal was still pending and the hearing had been continued. The appellant then filed a notice of appeal on June 16, 2016.

The appellant asserted that he had not received the notice of hearing or trial court order denying the appeal because they were not properly mailed. In support, the appellant attached copies of envelopes from the prothonotary's office showing one addressed to his counsel's former address marked returned to sender and one resent to his counsel's current address. Although the appellant asserted he never received notice of the trial court hearing, the Department argued on appeal that the appeal should be quashed as untimely. The Department also asserted that the appellant did not present evidence that he was entitled to *nunc pro tunc* relief. We explained, however, "that there was no opportunity for [the appellant] to make a record that would support his entitlement to *nunc pro tunc* relief, such as introducing the envelopes his counsel allegedly received . . . ." *Id.* at 8. Because the appellant's right to *nunc pro tunc* relief was "depend[ent] upon factual determinations," we "remand[ed] to common pleas to hold an evidentiary hearing on whether [the appellant was] entitled to an appeal *nunc pro tunc*." *Id.* at 8-9.

Here, although the notation on the docket provides that notice was given to the parties of the March 23, 2018 Order, "there remains a factual dispute between the parties as to whether the [P]rothonotary actually sent notice" to Vasquez. *Weiman*, 564 A.2d at 559 (emphasis omitted). Vasquez contends that the Prothonotary did not provide notice of the March 23, 2018 Order granting Appellees' POs and dismissing his case, which was a final order that had to be appealed within 30 days. Pennsylvania Rule of Appellate Procedure 903(a),

14

Pa.R.A.P. 903(a). Relying upon his legal mail logs, Vasquez asserts that he has presented proof supporting his contention that he did not receive notice of this final Order. Although Appellees assert, like the Department in *Hamilton*, that Vasquez has not presented evidence demonstrating he did not receive the Order, Vasquez was never provided the opportunity to present this evidence beyond attaching the documents to his Second Petition. It is unclear why common pleas cancelled its scheduled hearing on Vasquez's First Petition or denied the Petition for Reconsideration in which Vasquez first provided evidence that he may not have received notice of the March 23, 2018 Order. However, Vasquez is entitled to a hearing to present evidence in support of his arguments.

While Appellees also assert that, per the docket, notice of the March 23, 2018 Order was resent to Vasquez in July 2018, our concern is not whether Vasquez ever received notice but whether he received notice prior to when the appeal period had run. The Prothonotary's notation that the March 23, 2018 Order was resent in July 2018, beyond Vasquez's 30-day appeal period, does not cure the lack of notice in compliance with Rule 236 that Vasquez asserts for purposes of proceeding to an appeal.

Moreover, to the extent that common pleas acknowledges Vasquez's evidence in its Rule 1925(a) Opinion, it is not clear from common pleas' Order or Rule 1925(a) Opinion to what extent, if any, common pleas understood the evidence or the purpose for which it was offered. Common pleas' only explanation on its Order for denying the Second Petition was: "Denied Appeal consideration denied by Comm. Ct. [sic]." (Common pleas Order March 18, 2019, R. Item 54.) Nonetheless, common pleas reasoned in its Rule 1925(a) Opinion that Vasquez's "new evidence [of] telephone logs with information redacted" was "not relevant due to the many

15

redactions." (Rule 1925(a) Op. at 2.) The logs attached to Vasquez's Second Petition were clearly labeled legal mail logs, not telephone logs. (*See* Second Petition, Ex. A.) Moreover, common pleas did not provide Vasquez the opportunity through a hearing to present this evidence and any other evidence he may have demonstrating that he did not receive notice of the March 23, 2018 Order. Therefore, a remand is necessary for the trial court to conduct an evidentiary hearing and resolve these factual disputes to determine whether Vasquez is entitled to *nunc pro tunc* relief.

## IV.    Conclusion

There is a factual dispute regarding whether Vasquez received notice of the March 23, 2018 Order, which must be resolved in order to determine whether Vasquez is entitled to *nunc pro tunc* relief. Accordingly, we vacate common pleas' Order and remand the matter for common pleas to conduct an evidentiary hearing.

_____
**RENÉE COHN JUBELIRER,** Judge

16

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ramon Vasquez,                                    :
                          Appellant               :
                                                  :
              v.                                  :        No. 1099 C.D. 2019
                                                  :
Berks County, Janine Quigley,                     :
Jeffrey Smith, Jay Phillips, Miguel               :
Castro, Stephen Dew, Michael                      :
Johnson, Charles Fisher, Dustin                   :
Remp, Sgt Tassone, CO Matta                       :


# **O R D E R**


**NOW**, July 30, 2020 , the order of the Court of Common Pleas of Berks County (common pleas), dated March 18, 2019, is **VACATED**, and this matter is **REMANDED** for common pleas to conduct an evidentiary hearing in accordance with the foregoing opinion.

Jurisdiction relinquished.


_____
**RENÉE COHN JUBELIRER,** Judge