442 A.2d 322

**David G. STOKES**

**v.**

**Dennis E. THIEMANN and Amber Thiemann, his wife, Appellant.**

Superior Court of Pennsylvania.

Argued June 22, 1981.

Filed March 5, 1982.

William R. Balaban, Harrisburg, for appellants.

Bruce D. Foreman, Harrisburg, for appellee.

Before PRICE, JOHNSON and SHERTZ, JJ.

JOHNSON, Judge:

An action was filed in assumpsit and trespass, the plaintiff, appellee in this appeal, alleging that the defendants, appellants before us, owed him certain sums of money for services rendered. A jury trial ended on December 14, 1979,

with a verdict for the plaintiff. The defendants then tried to settle the dispute by tendering an amount less than the jury verdict. This was refused by the plaintiff. The defendants did not file their post-trial motions until a month after the verdict.[1] Pennsylvania Rule of Civil Procedure 227.1[2] provides that post-verdict motions must be filed within ten days of the verdict. Appellants argue that they should be allowed to file their motion late where there is no prejudice to the appellee and the reason for the delay is justifiable. They do not supply us, however, with any case law which supports their proposition.

One case on which they rely, *McAleer & Co. v. Iceland Products*, 475 Pa. 610, 381 A.2d 441 (1977), concerned Pa.R. Civ.P. 1038(d) which applies to non-jury trials in assumpsit, and which provided that exceptions to rulings may be filed within twenty days.[3] In *McAleer* our Supreme Court acknowledged that a trial court may in appropriate circumstances grant leave to file exceptions late, but found no legally cognizable reason for the failure to comply with the rule where counsel's explanation was inadvertence. In the case before us, counsel's explanation for the delay in filing a Rule 227.1 motion is that he was attempting to settle the amount due the other party to the lawsuit and that he believed he would not prejudice his clients' right to appeal by thus delaying. This does not reach the level of a legally cognizable excuse for delay in complying with a mandatory, unambiguous rule.

1. The record shows that the motion was mailed on January 10, 1980 and actually filed on January 15, 1980.

2. Pa.R.Civ.P. 227.1, 42 Pa.C.S.A. (Pamp.1981) provides:
   All post-trial motions after trial by jury, including a motion for a new trial, judgment non obstante veredicto, judgment upon the whole record after disagreement of a jury, removal of a nonsuit and in arrest of judgment, shall be filed within ten (10) days after nonsuit or verdict of disagreement of the jury.

3. Pa.R.Civ.P. 1038(d) was amended in 1977 to require filing within ten days. See Explanatory Note following Pa.R.Civ.P. 227.1, 42 Pa.C.S.A. (Purdon Pamp. 1981)

The other cases which appellants cite to us, including those they cite as involving a situation similar or identical to theirs, are default judgment cases. Counsel would analogize his motion to a petition to open a non pros or default judgment. We see no analogy. A non pros judgment is entered against a plaintiff who has failed to file a complaint after being served with a rule to do so. Pa.R.Civ.P. 1037(a). A default judgment is entered against a defendant who has failed to answer a complaint. Pa.R.Civ.P. 1037(b). In neither situation have the parties had their day in court.[4] We are therefore not persuaded that the criteria for granting a petition to open those judgments are adaptable to the consideration of a motion asking the court to permit the untimely filing of post trial motions.

Appellants further argue the applicability of Pa.R.Civ.P. 248 and 126[5] to their situation. Rule 248 does not apply, as there was no written agreement or order of court. With respect to Rule 126, our courts require good and sufficient reasons before they permit a waiver of procedural rules.

**4.** *See Ecumenical Enterprises, Inc. v. Nadco Construction, Inc.,* 253 Pa.Super.Ct. 386, 385 A.2d 392 (1978), where this court said, in reversing the lower court's refusal to open a default judgment: In reaching this conclusion we are ever mindful of the principle that: "In determining whether a judgment by default should be opened, we must ascertain whether there are present any equitable considerations in the factual posture of the case which require that we grant to a defendant *against whom the judgment has been entered an opportunity to have his 'day in court' and to have the cause decided upon the merits.* In so doing, we act as a court of conscience." *Kraynick v. Hertz,* 443 Pa. 105, 111, 277 A.2d 144, 147 (1971). 253 Pa.Super.Ct. at 394, 385 A.2d at 396 (emphasis added).

**5.** Pa.R.Civ.P. 248, 42 Pa.C.S.A., provides: The time prescribed by any rule of civil procedure for the doing of any act may be extended or shortened by written agreement of the parties or by order of court. Pa.R.Civ.P. 126, 42 Pa.C.S.A., provides: The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

*See, e.g., McAleer & Co., Inc. v. Iceland Products, supra,* where the court said, after citing the above two rules:

> We thus hold that it is within the discretion of the trial court to allow exceptions under Rule 1038(d) to be filed out of time in a case *where the particular circumstances indicate that there are good and sufficient reasons for so doing.*

475 Pa. at 614, 381 A.2d at 443 (emphasis added). *See also Gagliardi v. Lynn,* 446 Pa. 144, 285 A.2d 109 (1971), where our Supreme Court said, in the context of the late filing of a pleading:

> We have considered this question previously and our position is clear: '. . . a lower court will not be reversed either for waiving or refusing to waive noncompliance with procedural rules in the absence of a showing of an abuse of discretion which has caused manifest and palpable injury to the complaining party: see *Richter v. Mozenter,* 356 Pa. 650, 654, 53 A.2d 76.' *Templeton Appeal,* 399 Pa. 10, 16, 159 A.2d 725, 729 (1960), quoting from *Coppage v. Smith,* 381 Pa. 400, 404, 113 A.2d 247 (1955). This practice comports with Pa.R.C.P. 126 . . . .

446 Pa. at 151, 285 A.2d at 112. Thus appellant must show good reasons for the delay and also that he was injured by an abuse of discretion by the trial court. Appellant has failed to do so. The reason for the delay is insufficient to justify a waiver of the rule, as the trial court correctly found. The trial judge based his decision on the applicable case law.[6] He did not abuse his discretion in refusing to waive compliance with a clear, mandatory rule.

The denial by the trial judge of the Motion to Seek Leave to Obtain an Extension of Time to File Post-Trial Motions is affirmed.

This case was decided prior to the expiration of SHERTZ, J.'s commission of office.

---

6. *Stokes v. Thiemann,* No. 78–1377, slip op. at 3 (C.P. Perry County, June 3, 1980).