565 A.2d 181

**George F. CARR and Rosemary A. Carr, his Wife**

**v.**

**Helen M. DOWNING a/k/a Helen M. Brinton, Appellee.**

**Appeal of Rosemary CARR, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 13, 1989.

Filed Oct. 23, 1989.

Andrew S. Wade, West Chester, for appellant.

Kenneth A. Roos, Philadelphia, for appellee.

Before OLSZEWSKI, DEL SOLE and JOHNSON, JJ.

DEL SOLE, Judge:

Appellants file the instant appeal from a final order of court denying their request for specific performance. The court entered its order upon a finding that Appellants' post-trial motions were untimely filed. We agree with this conclusion and affirm the court's final order.

An Adjudication and Decree Nisi were filed on November 10, 1988. Pennsylvania Rule of Civil Procedure 227.1(c)(2) provides that post trial motions be filed within ten days after "the filing of the decision or adjudication in the case of a trial without jury or equity trial." It is undisputed that Appellants' motions were not filed within ten days of the filing of the court's Adjudication and Decree Nisi, however, Appellants submit that the time period for purposes of Rule 227.1 did not commence until notice of the adjudication was sent to the parties. We agree.

> Rule 108(b) of the Rules of Appellate Procedure provides:
> Civil Orders. The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b).

Rule of Civil Procedure 236(b) states that the "prothonotary shall note in the docket the giving of the notice." Thus, notice is essential to compute the relevant ten-day time period under Rule 227.1.

In the instant case, the record includes the court's Adjudication and Decree Nisi. It is stamped "Filed" in the office of the Prothonotary on November 10, 1988. The document is also stamped at the top with the words "Order sent __

Date." In the blank the date 11–10–88 is handwritten. Also handwritten on the back of the page is the name of Appellants' counsel as well as the names of opposing counsel.

We also point out that the prothonotary's indication of notice corresponds with Appellants' acknowledgment of receipt. Appellants state in their "Application for Leave to Amend Exceptions and File Nunc Pro Tunc" that Friday November 11th [the day after the prothonotary indicated that the order was sent] was a legal holiday and that "Andrew S. Wade [Appellants counsel] did receive a copy of the Adjudication and believes that he received the Adjudication on or after [Tuesday] November 15, 1988." [1]

Since a copy of the order was marked as sent to Appellants' counsel on November 10th, the 10 day period began to run on that date. Appellants' post-trial motions which were not filed until November 29, 1988 were untimely.

In conclusion, we note that the supreme court's recent decision in *Kurtas v. Kurtas*, 521 Pa. 105, 555 A.2d 804 (1989) is inapplicable to this case. In *Kurtas* the untimely post-trial motions were filed without objection, and thereafter the trial court ruled on the merits of the claims of error presented in these motions. In contrast, in this case, the opposing party raised an objection to the untimely filed motions and the trial court dismissed the motions because they were untimely filed.

Order affirmed.

1. Although we reject Appellants' contention that indication of notice was absent from the record, we note that the motion would have been untimely even if we were to accept their position that the period should not begin to run until they received notice. Appellants acknowledge receipt of notice on November 15, 1988. The 10–day time period would have expired on Friday November 25, 1988, a legal holiday. Since the last day fell on a legal holiday, the rules would have permitted the motion to be filed Monday, November 28. *See* Pa.R.C.P. 106(b). As stated, the motion was not filed in this case until Tuesday, November 29, 1988.