## Kamons v. Franklin

*Gordon D. Fisher,* for plaintiff.

*Ira B. Coldren* and *Charles O. Zebley Jr.,* for intervenor.

WAGNER, *J.,* October 7, 1991—This matter comes before the court on a post-trial motion filed by the plaintiff in a mortgage foreclosure action after the entry of a non-suit. The plaintiff, Shirley O. Kamons, is executor of the Estate of Harold O. Kamons. The defendants were the heirs of Lenore and Jacob Franklin. The intervenor is Ira B. Coldren Jr., present owner of the premises which had been the subject of the action in the mortgage foreclosure.

A non-jury trial was scheduled before this court on July 30, 1991, at which time the present case was called for trial. However, upon plaintiff's failure to appear for trial and failure to present a motion for continuance, the court entered a non-suit with prejudice on oral motion of the intervenor. Timely post-trial motion was filed by the plaintiff. Oral argument on the motion for post-trial relief was heard before this court on October 4, 1991.

The plaintiff in his motion for post-trial relief raises the contention that he did not receive notice of the scheduling of the non-jury trial on July 30, 1991, until the court administrator of Fayette County telephoned his office on July 29, 1991, to remind him of the trial on the following day.[*] Contending that he did not receive notice of the trial, the plaintiff argues that the entry of a non-suit denies him due process of law and his substantive rights. We disagree.

---

[*] It is the custom in Fayette County for the court administrator to telephone counsel involved in all hearings or trials the day before they are scheduled as a courtesy reminder.

Our Supreme Court has determined that a breakdown in the court's operation will be found where the prothonotary fails to give notice of the decree or judgment entered to the parties. *Nixon v. Nixon,* 329 Pa. 256, 260, 198 A. 154, 157 (1938); *Pierce v. Penman,* 357 Pa. Super. 225, 515 A.2d 948 (1986), *alloc. denied,* 529 A.2d 1082 (1987).

Pennsylvania Rule of Civil Procedure 236 provides in pertinent part:

"(a) The prothonotary shall immediately give written notice by ordinary mail of the entry of any order, decree or judgment:...

"(2) ... to each party who has appeared in the action or to the party's attorney of record.

"(b) The prothonotary shall notice in the docket the giving of the notice...." 42 Pa.C.S. §236; See *Carr v. Downing,* 388 Pa. Super. 195, 565 A.2d 181 (1989).

Under Pennsylvania law, evidence that an item of mail properly addressed, posted and deposited in the mail, if believed, gives rise to a presumption that item was received by the addressee. *Weiman by Trahey v. Philadelphia,* 129 Pa. Commw. 25, 30, 564 A.2d 557, 560 (1989). Furthermore, the presumption of receipt is not a conclusive presumption; instead it is one which is rebuttable by showing that the item was not received by the addressee. *Id.*

In the instant case, the record includes the court's order of June 7, 1991, scheduling the non-jury trial for July 30, 1991. It is stamped "filed" in the Office of the Prothonotary on June 7, 1991, at 3:58 p.m. Attached to the order is the notice of entry of order with the names of opposing counsel: plaintiff, Gordon D. Fisher, and the defendant, Charles O. Zebley Jr., as the parties notified

of the order of June 7, 1991. Furthermore, examination of the docket entries indicate that counsel of record was mailed notice of entry of the order.

Our Supreme Court stated that "if it appears of record that the Prothonotary's Office sent a postal notice, this will satisfy all requirements of the custom and cannot be disputed." *Nixon v. Nixon,* 329 Pa. 256, 262, 198 A. 154, 158 (1938); *Weiman, supra.* There is no evidence in the record to indicate that the prothonotary did not send notice of the order of June 7, 1991, therefore we find no breakdown in the court's operation. Moreover, plaintiff in his motion acknowledges receiving personal notice of the non-jury trial from court administrator of Fayette County by telephone. Nevertheless, the plaintiff failed to appear for the trial or even to request a continuance and raise the notice issue. Other than raising the notice issue in his motion for post-trial relief and at oral argument, the plaintiff has still not taken any step necessary to have this issue factually placed into the record. Accordingly, we find that the record in this case demonstrates that the plaintiff was properly notified of the non-jury trial schedules before this court on July 30, 1991.

In accordance with the foregoing, we hereby make the following

### ORDER

And now, October 7, 1991, after oral argument, review of the briefs, and in consideration of the motion for post-trial relief, the plaintiff's motion for post-trial relief is denied.