644 A.2d 199

**Audrey BREDNICK, Timothy W. Brednick**

v.

**Tony MARINO, Linda Marino, Charles Morgan, Bonita Morgan, Ventures Unlimited, Business Ventures Associates, Inc., David E. Cummons.**

**Appeal of Tony MARINO, Linda Marino and Ventures Unlimited.**

Superior Court of Pennsylvania.

Argued Feb. 3, 1994.

Filed June 28, 1994.

514

Thomas A. Crawford, Jr., Pittsburgh, for appellants.

Patti C. Lerda, Swissvale, for appellees.

Before DEL SOLE, FORD ELLIOTT and MONTGOMERY, JJ.

DEL SOLE, Judge.

Appellants, Tony Marino, Linda Marino and Ventures Unlimited, file this appeal from a judgment entered in favor of Appellees, Audrey Brednick and Timothy W. Brednick. The trial court summarized the facts of this case as follows:

Plaintiffs purchased a Video–Game–Arcade business from Defendants. After operating the arcade for six months, Plaintiffs abandoned the previous lease and discontinued the arcade operations. The instant litigation was commenced when Plaintiffs filed a Complaint to recover money damages based on actions alleging that Defendants breached the cited contract and acted deceitfully.

Defendants did not file an Answer to the Complaint. As directed by Plaintiffs, the Prothonotary entered a judgment of liability only in favor of Plaintiffs and against Defendants. The sole issue tried at the non-jury trial was the amount of the monetary damages to be awarded under the prescription of Pa.R.C.P. § 1037(b)(1) (Judgement Upon Default or Admission—Assessment of Damages).

Calendar Control Judge McGowen ruled that Defendants were not entitled to a jury trial; they had not filed an Answer to the Complaint prior to the time when Plaintiffs file with the Prothonotary a Praecipe to Enter Judgment in favor of Plaintiffs and against Defendants on liability only. Plaintiffs had demanded a jury trial but later they withdrew their demand. Defendants did not file a written demand for a jury trial.

The non-jury trial commenced on 2 June 1993.

The trial court awarded Appellees $60,350.00 in damages. The court entered its verdict on June 10, 1993, but did not mail copies of the verdict to the parties until June 30, 1993. On July 8, 1993, Appellants' counsel filed both "Exceptions and Motion for Post–Trial Relief" and a Notice of Appeal. The trial court struck the "Exceptions" as inapplicable and denied Appellants' post-trial motions as untimely. This appeal followed.

Appellants assert that the amount of the trial court's verdict was unsupported by the evidence, that they were wrongfully refused a jury trial and that the trial court improperly denied their motion for post-trial relief.

■ We find merit in Appellants' claim that they were improperly denied consideration of their post-trial motions. The docket reflects that the court entered its verdict on June 8, 1993 and it was recorded in the Prothonotary's Office on June 10, 1993. In the lower left hand corner of the court's verdict slip there is a notation indicating that three copies of the verdict were mailed on June 30, 1993. The trial court held that Appellants had ten days from the entry of the verdict to file their post-trial motions and we agree that that is normally true, however, a review of applicable case law and the facts of the instant case lead us to a different conclusion.

In *Carr v. Downing*, 388 Pa.Super. 195, 565 A.2d 181 (1989), *allocatur denied* 527 Pa. 628, 592 A.2d 1296 (1991), this court recognized that Pa.R.C.P. 227.1(c)(2) requires that post-trial motions be filed within ten days following "the filing of the decision or adjudication in the case of a trial without jury", but

the court read Rule 227.1(c)(2) in conjunction with Rule 108(b) of the Rules of Appellate Procedure [1] and concluded that the notice required by Rule 108(b) is "essential to compute the relevant ten day time period under Rule 227.1". *Id.* at 196, 565 A.2d at 182. Therefore, we held that the ten day period during which counsel must file post-trial motions begins on the date that copies of the court's order are sent to counsel.

Initially, it is important to note that the parties did not receive notice of the court's verdict at the close of the trial because the court did not announce its verdict. The trial was held on June 2, 1993 and the verdict was filed on June 10, 1993. Notice of the court's verdict, however, was not mailed to the parties until June 30, 1993 after which Appellants' counsel filed post-trial motions on their behalf on July 8, 1993. Therefore, applying the holding in *Carr v. Downing, supra,* to the facts of the present case, Appellants' post-trial motions clearly fell within the ten day time period prescribed by Rule 227.1(c)(2). Accordingly, we hold that the trial court erred in dismissing Appellants' post-trial motions as untimely. Normally, in a situation like this, we would vacate the judgment and remand the matter for disposition of Appellants' timely filed post-trial motions, but because the issues presented by this appeal can be readily determined from a review of the record, we will address Appellants' remaining claims.

■ Appellants allege that the trial court's verdict was not supported by the evidence presented at trial. We disagree. The testimony elicited at trial showed that Appellees secured a $25,000.00 loan in order to acquire the business and, at the time of the hearing, had made $31,650.00 in interest payments on the loan. Furthermore, due to the fact that Appellants did not file a timely answer to Appellees' Complaint, it was

1. Pennsylvania Rule of Appellate Procedure 108(b) reads as follows:
   Rule 108. Date of Entry of Orders
   *        *        *        *        *        *

   **(b) Civil Orders.** The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b). Pa.R.A.P. No. 108(b), 42 Pa.C.S.A.

deemed admitted that, based upon false representations made by Appellants to Appellees that the business would generate a monthly gross profit of $9,000.00, Appellees expected that they would receive $3,766.20 in gross profits monthly.[2] Adding the amount of the loan and interest together with one month's worth of lost profits, the trial court arrived at a verdict of $60,350.00 in favor of Appellees. From our review, it is clear that the trial court's verdict was sufficiently supported by the evidence presented and therefore, we affirm.

Appellants' remaining claim centers on their belief that they were improperly denied the right to a jury trial. We find no support for this allegation. Pennsylvania Rule of Civil Procedure 1007.1 states that, "[i]n any action in which the right to jury trial exists, the right shall be deemed waived unless a party files and serves a written demand for a jury trial no later than (20) days after service of the last permissible pleading. The demand shall be made by endorsement on a pleading or by separate writing." Pa.R.C.P. No. 1007.1(1), 42 Pa.C.S.A. We have carefully reviewed the record and at no time during the instant case did either Appellants or Appellees file a written request for a jury trial and, therefore, we hold that this issue is wholly without merit.

Judgment affirmed.

MONTGOMERY, J., files a concurring and dissenting statement.

MONTGOMERY, Judge, Concurring and Dissenting.

I agree with the conclusion that the trial court erred in ruling that the appellants' posttrial motions were untimely. However, I would not address the merits of those posttrial claims for the first time on this appeal. I believe the claim that the verdict amount was improper requires a factual review which should be considered initially by the trial court,

2. The terms of the sales agreement entered into between Appellees and Appellants on October 15, 1982, and attached to Appellees' Complaint as "Exhibit A", provided that the parties would split the gross income from the games monthly with 60% of the profits going to Appellees and 40% of the same to Appellants.

rather than by our court. *See, Lanard & Axilbund v. Muscara*, 394 Pa.Super. 251, 575 A.2d 615 (1990). Accordingly, I would remand this case to the trial court to allow it to address the merits of the appellants' posttrial motions.