## King v. Riverwatch Condominium Association

C.P. of Delaware County, no. 08-50227.

*Thomas P. Gannon*, for plaintiff.
*Robert C. Ewing*, for defendant.

BURR, *J.*, November 16, 2010—The plaintiff, Daniel King, has appealed from this court's order denying his

motion for reconsideration of the order dismissing his motions for post-trial relief and to allow their refiling nunc pro tunc. The said motion was filed subsequent to the sustaining of the preliminary objection of the defendant, Riverwatch Condominium Owners Association, and striking the plaintiff's motions for post-trial relief with prejudice on grounds that they had been untimely filed.

The plaintiff filed this lawsuit with the expectation of having the defendant reimburse him for costs expended to replace and jack up a defective steel horizontal beam in the roof of the garage situated on the lowest level of his four story condominium unit. Following decisions in plaintiff's favor at the district justice and compulsory arbitration levels, the matter was assigned to this court for resolution sitting without a jury. The court, on June 21, 2010, entered a verdict against the plaintiff on all of his claims, and in favor of the defendant on its counterclaim against the plaintiff in the amount of $8,500.17 representing fines and attorney fees deemed collectible from October 31, 2007 pursuant to the defendant's rules and regulations, plus recoupment of the costs to defendant for making the necessary repairs in the defendant's garage. (Rules and Regulations of the Riverwatch Condominium Association appended as exhibit E to the defendant's answer to complaint with new matter and counterclaim, p. 5 "Miscellaneous" – "Litigation Against Council or Association by a Unit Owner"; notice memorandum from the defendant's board of directors dated October 31, 2007 informing plaintiff of $100/day fine for each day he refused to allow the defendant to enter his unit and perform the necessary work. *Id.*, Exhibit D)

The plaintiff's appeal from the foregoing verdict of this court prior to the disposition of his motions for post-

trial relief was discontinued by the Pennsylvania Superior Court on the plaintiff's praecipe prior to disposition of the defendant's motion to quash the appeal for being non-cognizable. *Chalkey v. Roush*, 569 Pa. 462, 805 A.2d 491, 496 (2002)(after trial court enters decision at law or equity, an appellant must file post-trial motions before bringing appeal). Plaintiff's motions for post-trial relief were dismissed with prejudice here below by an order docketed on June 21, 2010 on grounds that they had been untimely filed. The ensuing discussion will show that the plaintiff did not protect his appellate rights following that decision, but waited until after the court had ruled upon his motion to reconsider the order striking his motions for post-trial relief with prejudice and plea to refile them nunc pro tunc. The result was that the instant appeal was filed eight days after the 30-day deadline for filing an appeal from the court's final order striking the plaintiff's motions for post-trial relief with prejudice had lapsed.

The plaintiff has submitted the following concise statement of errors and rulings complained of on appeal asserting that dereliction by the Office of Judicial Support of this court caused lateness in his receipt of notice of the docketing of the verdict/judgment in this case that caused lateness in the filing of his motions for post-trial relief:

1. The [t]rial [c]ourt erred in its interpretation of Pa.R.C.P. Rule 227.1 to the effect that the [p]laintiff must file Post-Trial Motions within 10 days after the physical entry in the docket of the court's June 21, 2010 verdict/judgment. The court failed to apply and give effect to Pa.R.C.P. Rule 236 and Pa.R.C.P. 108. Pa.R.C.P. 236 (Rule 236) requires the Office of Judicial Support to provide a written notice to the [p]laintiff's

attorney of the entry of the verdict/judgment. Pa.R.C.P. Rule 108 provides that the date of entry of the verdict/ judgment for the purpose of filing Post-Trial Motions is the date on which the Office of Judicial Support gives the required notice to the [p]laintiff's attorney.

2. The [t]rial [c]ourt erred in not allowing [p]laintiff to file [p]ost-[t]rial [m]otions nunc pro tunc, because the failure of the Office of Judicial Support to notify the [p] laintiff's attorney of the entry of the verdict/judgment is a breakdown of the court's operation necessitating the grant of an appeal nunc pro tunc. *West Penn Power Co. v. Goddard*, 460 Pa. 551, 556, 333 A.2d 909, 912 (1975); *Weiman By Trahey v. Philadelphia*, 129 Pa. Commonwealth Ct., 25, 30, [564 A.2d 557] (1989).

3. The [t]rial [c]ourt erred in not following the rule set down in *Weiman By [Trahey] v. Philadelphia* [supra] holding that the entry in the docket is not conclusive as to whether the [p]rothonotary actually sent notice pursuant to the rules of civil procedure.

4. The [t]rial [c]ourt erred in not applying the precedent set down in *Nixon v. Nixon*, 329 Pa. 256, [198 Atl. 154] (1938), which held that the court [should] allow the filing of an appeal nunc pro tunc where the prothonotary failed to notify plaintiff's attorney of the entry of an order.

5. The [t]rial [c]ourt erred in its conclusion that the mailing to [p]laintiff's attorney by the court of a courtesy copy of the verdict/judgment, which did not contain any notation when it was entered in the docket, was proper notice to the attorney of its entry, because

it is established that there is no exception which allows actual or constructive notice from a source other than the Prothonotary to begin the running of the 10-day period for filing post trial motions. *Dreher [Twp.] Bd. v. Solitron Develop Co.*, [333 Pa. Super. 33, 481 A.2d 1207] (1984).

6. The [t]rial [c]ourt erred in its failure to follow the precedent set down in and [sic] *City of Phila v. Tasker*, 119 Pa. Commonwealth Ct. 519, 535, [547 A.2d 1261] (1988), which held that lack of receipt of the required rule 236 notice constitutes a reasonable excuse for plaintiff not filing his post trial motions within 10 days of the entry of the verdict/judgment.

7. The [t]rial [c]ourt erred in not applying the precedent set forth in *Berkowitz v. Mayflower Securities, Inc.*, 455 Pa. 531, 317 A.2d 584 (1974), where the Supreme Court held that presumption of receipt of mail is rebuttable by showing that the item was not received by the addressee.

8. The [t]rial court erred in not granting [p]laintiff's request to file post trial motions nunc pro tunc since the [p]laintiff's attorney did not actually receive a rule 236 notice because it was not mailed to him by the Office of Judicial Support and [p]laintiff's not timely filing of post trial motions was not due to inadvertence of his counsel. *City of Phila v. Tasker*, [supra].

9. The [t]rial [c]ourt erred in not considering that the [p]laintiff did mail post-trial motions to the Office of Judicial Support within 10 days after receipt of the courtesy copy of the verdict/judgment sent to him from

the [c]ourt's chambers.

10. The [t]rial [c]ourt erred in not considering that the [p]laintiff's attorney faxed the [c]ourt a copy of the post-trial motions within ten days after receipt of the courtesy copy of the verdict/judgment mailed to him from the [c]ourt's chambers.

11. The [t]rial [c]ourt erred in rendering a verdict/ judgment that did not conform with the order of November 16, 2009 limiting the trial of this to "who will bear the ultimate cost and expense to gain access to the steel beam and to repair [plaintiff's] existing laundry room wall." The [t]rial [c]ourt's verdict/ judgment did not conform to the order that was agreed to by the parties.

12. The [t]rial [c]ourt erred in not accepting [p]laintiff's findings of fact and conclusion that the [d]efendant did not provide the [p]laintiff with a due process hearing before the Board of Riverwatch Condominium Owners' Association as required by 68 Pa. C.S. § 3202 (11) and dismiss [d]efendant's claim for the assessment of attorney fees because the [d]efendant did not offer any evidence that it provided the [plaintiff] the required due process hearing concerning the imposition of an assessment. Plaintiff's proposed finding 38 filed with the [c]ourt on June 17, 2010.

13. The [t]rial [c]ourt erred in not dismissing [d] efendant's claim for attorney fees because the [d] efendant did not offer any evidence that the attorney fees had been paid. Plaintiff's proposed finding 37 filed with the [c]ourt on June 17, 2010.

14. The [c]ourt erred in not dismissing [d]efendant's claim for attorney fees because as required by 68 Pa.C.S. [§§ 3315(a) and (3)(f); and § 3202 (11)], a condominium owner is not obligated to pay attorney fees until after a fine is imposed and becomes due and fines cannot be imposed to become due until the Condominium Owners' Association has provided a due process hearing to the condominium owner. Plaintiff's conclusions of law filed with the [c]ourt on June 17, 2010.

15. The [t]rial [c]ourt erred in not dismissing [d] efendant's claim for attorney fees because the change in the [d]efendant's "Rules and Regulations" concerning the imposition of attorney fees was in conflict with the [d]efendant's declaration of condominium article XII section 12.6 and the Uniform Condominium Act and therefore without effect. Plaintiff's conclusions of law filed with the [c]ourt on June 17, 2010.

16. The [t]rial [c]ourt failed to require the [d]efendant to comply with the requirements of *Pennsylvania et al. v. Delaware Valley Citizens' Council for Clean Air et al.*, 478 U.S. 546 (1986) in awarding the [d] efendant attorney fees. Plaintiff's conclusions of law filed with the [c]ourt on June 17, 2010. (Plaintiff's concise statement of errors and rulings complained of on appeal, pp. 1-5)

It is here noted that the plaintiff's issues numbered 11 through 16 were stricken with prejudice in the granting of the defendant's preliminary objection to plaintiff's motions for post-trial relief on grounds that they had been untimely filed. The procedural grounds for the striking

of those claims will become clear from a perusal of the docket entries in connection therewith that are briefly recapitulated below:

June 21, 2010 – Notice sent of the docketing of this court's entry of a verdict/judgment against the plaintiff and in favor of the defendant on its counterclaim against the plaintiff on the same date.

July 2, 2010 – Docketing of the filing of the plaintiffs' motions for post-trial relief.

July 12, 2010 – Plaintiff's filing of an appeal to the Pennsylvania Superior Court from the verdict/judgment prior to the entry of an order disposing of his motions for post-trial relief.

July 28, 2010 – Issuance by the court of the order sustaining the defendant's preliminary objection to the plaintiff's motions for post-trial relief and striking with prejudice of all claims alleged therein for being untimely raised.

July 29, 2010 – Entry in the docket that notice of the foregoing order was sent to the plaintiff, as an unrepresented party, by the office of judicial support of this court.

July 30, 2010 – Entry of the appearance of plaintiff's counsel, Thomas P. Gannon, Esquire, in conjunction with his filing of a praecipe to enter judgment in this case.

August 2, 2010 – Filing of the plaintiff's motion for reconsideration of the court's order of July 28, 2010 striking his motions for post-trial relief and seeking

permission to file said motions nunc pro tunc.

August 11, 2010 – Filing of an order by the Pennsylvania Superior Court discontinuing, on plaintiff's counsel's praecipe, plaintiff's appeal noticed on July 12, 2010 and docketed at number 1924 EDA 2010, as well as deeming the defendant's motion to quash this appeal as moot.

August 18, 2010 – Issuance by the court of a rule upon the defendant to show cause why the plaintiff should not be granted reconsideration of the order striking his motions for post-trial relief and of a stay in the time for filing an appeal from the order of July 28, 2010, pending disposition of said petition.

September 3, 2010 – Entry of this court's order, a hearing having been held, denying the plaintiff's motion for reconsideration of the order of July 28, 2010 striking plaintiff's motions for post-trial relief with prejudice and seeking permission to file said motion nunc pro tunc.

September 7, 2010 – Filing of plaintiff's notice of appeal to the Pennsylvania Superior Court "from the verdict/judgment entered in the matter on the 21st day of June 2010 and denial of [p]laintiff's petition to allow filing of [p]ost [t]rial motions nunc pro tunc filed September 3, 2010," and noting that the verdict/judgment and order had been entered on the docket.

October 25, 2010 – Filing of an order by the Pennsylvania Superior Court transferring plaintiff's appeal noticed on September 7, 2010 and docketed at Number 2579 EDA 2010 to the Pennsylvania Commonwealth Court on

grounds that the latter court has exclusive jurisdiction over appeals involving actions and proceedings relating to not-for-profit corporations such as the defendant.

*This Appeal Must be Quashed Pursuant to*
*Pennsylvania Rule of Appellate Procedure 1701 for*
*Failure to Perfect Appellate Rights*

The Pennsylvania Rules of Appellate Procedure 108 (a)(1) and 903(a) require the filing of an appeal from a trial court's final order within thirty days of the date of notice having been sent of the docketing thereof which, in this case, took place on July 29, 2010, thus creating an appeal filing deadline of August 30, 2010.[1] Dismissal of a party's post-trial motions for being untimely filed is a final, appealable order. *Carr v. Downing*, 565 A.2d 181 (Pa. Super. 1989) (where no objection from opposing party to untimeliness of the filing of a post-trial motion has been raised, court may deem it timely), citing to *Kurtas v. Kurtas*, 521 Pa. 105, 555 A.2d 804 (1989). Nevertheless, despite plaintiff's counsel, having entered his appearance on July 30, 2010, well prior to the appeal perfection date for the issues raised in his post-trial motions, he chose instead to file, on September 7, 2010, a notice of the appeal from the court's order of September 3, 2010 denying reconsideration of the final order striking his appellate claims. Therefore, because the plaintiff has never filed an appeal from the final order striking his appellate claims, this appeal must be quashed.[2] Moreover, even had the plaintiff possessed

1. Because August 29, 2010 fell on a Sunday, the deadline was deemed to be Monday, August 30, 2010, pursuant to Pennsylvania Rule of Civil Procedure 106(b).

2. Although the docketing timeline set forth, supra, reflects the court's issuance, on August 18, 2010, of a rule upon the defendant to show cause why the plaintiff should not be granted reconsideration of

a right to appeal from the mere entry of a verdict against him in the absence of having raised issues for the court's review via a post-trial motion, the time in which to do so elapsed thirty days after its entry on June 21, 2010, or by July 21, 2010. See Pa. R. A.P. 108(a)(1) and 903(a).

Pennsylvania Rule of Appellate Procedure 1701(a) (Effect of Appeal Generally) states that "after an appeal is taken...the trial court...may no longer proceed further in the matter." *Id.* Section (b) of Rule 1701 provides that, "[a]fter an appeal is taken...the trial court may: (3)[g]rant reconsideration of the order which is the subject of the appeal", under certain conditions. *Id.* The court's order of August 18, 2010 states as follows:

This court never expressly granted reconsideration of the order striking the plaintiff's post-trial motions, but issued only a rule returnable and allowed for a stay pending resolution of the plaintiff's motion for reconsideration one way or the other when it issued the foregoing order. Nevertheless, plaintiff's attorney is charged with the knowledge that an order that did not expressly and unequivocally grant reconsideration of the order that was the subject of the plaintiff's appeal could not toll the deadline for its filing. *Estate of Haiko v. McGinley*, 799 A.2d 155, 158-9 (Pa. Super. 2002).

the order striking his motions for post-trial relief and of a stay in the time for filing an appeal from the Order of July 28, 2010 pending disposition of said petition, this was an ineffective means of tolling the deadline for appeal. Pennyslvania Rule of Appellate Procedure 1701(b)(3); *Witherspoon v. Wal-Mart Stores, Inc.*, 814 A.2d 1222 (Pa. Super. 2002); *Shapiro v. Center Twp. Butler County*, 159 Pa. Cmwlth. 82, 632 A.2d 994(1993). Therefore, in filing an appeal from the order of September 3, 2010, denying reconsideration and not from the final order of July 28, 2010 with its appeal file deadline of August 30, 2010, plaintiff forfeited his appellate rights in this case.

According to Pennsylvania Rule of Appellate Procedure 1701(3)(ii), in a case that is already on appeal, a court may grant reconsideration of the order which is the subject of the appeal if an order expressly granting reconsideration of such prior order is filed in the trial court within the appellate deadline period. This rule further provides:

"A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal...theretofore or thereafter filed or docketed with respect to the prior order. The petitioning party shall... file a praecipe with the prothonotary of any court in which such an inoperative notice or petition is filed or docketed and the prothonotary shall note on the docket that such notice or petition has been stricken under this rule.[3] Where a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal or petition for review begins to run anew after the entry of the decision on reconsideration, whether or not that decision amounts to a reaffirmation of the prior determination of the trial court...." *Id.*

The note following rule 1701 states, in relevant part, that:

"...Subdivision (b)(3) is intended to handle the troublesome question of the effect of application for reconsideration on the appeal process. The rule (1) permits the trial court...to grant reconsideration if action is taken during the applicable appeal period,

---

3. Although the docket reflects plaintiff's withdrawal of a notice of appeal on August 11, 2010, before the court issued the rule to show cause why plaintiff should not be granted reconsideration of the order striking his motions for post-trial relief, it is to be recalled that this was an ineffective appeal from the verdict/judgment entered by the court on June 21, 2010, and not from the order of July 28, 2010 striking his post-trial motions with prejudice.

[here terminating on August 30, 2010]..., and (2) eliminates the possibility that the power to grant reconsideration could be foreclosed by a 'snap' appeal. The better procedure under this rule will be for a party seeking reconsideration to file an application for reconsideration below and a notice of appeal, etc. If the application lacks merit, the trial court...may deny the application by the entry of an order to that effect or by inaction. The prior appeal paper will remain in effect, and appeal will be taken without the necessity to watch the calendar for the running of the appeal period. If the trial court...fails to enter an order 'expressly granting reconsideration' (an order that 'all proceedings shall stay' will not suffice) within the time prescribed by these rules for seeking review, subdivision (a) becomes applicable and the power of the trial court...to act on the application for reconsideration is lost." *Id.*

Because the court issued an order which did not expressly grant reconsideration of the order of July 28, 2010 striking the plaintiff's post-trial motions, the granting of a stay in the filing deadline for perfection of the plaintiff's appeal from that order could not suffice. *Shapiro v. Center Twp. Butler County*, supra, 632 A.2d at 994.

A trial court must expressly grant reconsideration, not just set a hearing date within the time allowed for filing an appeal in order to toll the time for taking an appeal. *Schoff v. Richter*, 562 A.2d 912 (Pa. Super. 1989). It is well-settled that a trial court loses power to act on a motion for reconsideration where it does not expressly grant reconsideration within the time allowed for the taking of an appeal. *Jackson v. Hendrick*, 710 A.2d 102 (Pa. Cmwlth. 1998); *Valentine v. Wroten*, 580 A.2d 757 (Pa.

Super. 1990); *app. den.,* 527 Pa. 650, 593 A.2d 422 (1991) (Table). A trial court's order granting reconsideration must state expressly and unequivocally that reconsideration is granted; issuance of a rule to show cause or entry of a hearing date for such a motion will not suffice to satisfy the applicable rules of appellate procedure. *Witherspoon v. Wal-Mart Stores, Inc.,* supra, 814 A.2d at 1222; *Estate of Haiko v. McGinley,* supra, 799 A.2d at 155. An order by the trial court staying all proceedings or merely setting a date for oral argument on a motion for reconsideration is not sufficient to toll the running of the appeal period. *Shapiro v. Center Twp. Butler County,* supra, 632 A.2d at 994.

For all of the foregoing reasons, plaintiff's failure to appreciate that the court had issued an order sans the obligatory language expressly and unequivocally granting reconsideration of the order of July 28, 2010 striking his motions for post-trial relief, as well as foregoing the filing of a timely appeal from that order by August 30, 2010, has cost him his appellate rights and this appeal must be quashed.

### The Plaintiff's Motions for Post-Trial Relief Were Untimely Filed

The plaintiff has assembled a litany of contentions to excuse the untimely filing of his motions for post-trial relief, the first of which is that the Office of Judicial Support of this court was required to provide written notice on the date of the entry of the verdict/judgment to plaintiff's attorney pursuant to Pennsylvania Rules of Civil Procedure 236 and 108. (concise statement, paragraph 1 Plaintiff contends that the failure of the Office of Judicial

Support to notify the plaintiff's attorney of the entry of the verdict/judgment was a breakdown of the court's operation necessitating the grant of an appeal nunc pro tunc, with citation to the case authorities of *West Penn Power Co. v. Goddard*, 460 Pa. 551, 556, 333 A.2d 909, 912 (1975), and *Weiman By Trahey v. Philadelphia*, 129 Pa. Commonwealth Ct., 25, 30, 564 A.2d 557 (1989). (concise statement, paragraph 2)

However, Pennsylvania Rule of Civil Procedure 236(a)(2) merely requires the prothonotary to immediately give notice of the entry of..."any other order or judgment", except for judgment by confession, "to each party's attorney of record or, if unrepresented, to each party." *Id.*; See also explanatory comment – 1994 to rule 236 ("...the rule has been amended so that an unrepresented party irrespective of an appearance of record receives a copy of all orders, decrees and judgments entered"). Pennsylvania Rule of Civil Procedure 236(b) states that: "[t]he prothonotary shall note in the docket the giving of the notice...." *Id.* At the time of notice of the entry of this court's order dated July 28, 2010 striking the plaintiff's motions for post-trial relief, no counsel had filed an entry of appearance on plaintiff's behalf. Therefore, the Office of Judicial Support of the Court of Common Pleas of Delaware County, Pennsylvania, would necessarily have sent notice thereof to the plaintiff himself. Despite the lack of a formal entry of appearance, the record reflects that plaintiff's present counsel represented him during presentation of his claims to a compulsory arbitration panel of this court. Therefore, a clear inference arises that the plaintiff was aware of counsel's existence, as well as of his own interest in the outcome of this matter, and would have forwarded said

notice to his attorney. If he did not do so, that is not the fault of the Office of Judicial Support.

Contrary to the plaintiff's disingenuous assertion that "the entry in the docket is not conclusive as to whether the prothonotary actually sent notice pursuant to the rules of civil procedure under the case authority of *Weiman By Trahey v. Philadelphia*, supra," the facts in the *Weiman* case can be readily distinguished from those sub judice. (Concise Statement, paragraph 3). In *Weiman*, the court determined that the docket entry "NOTICE UNDER RULE 236" was not conclusive as to whether the prothonotary actually sent notice. *Id.* As is clear from plaintiff's contention on appeal that the court was required to permit the filing of an appeal nunc pro tunc where the prothonotary failed to notify plaintiff's attorney of the entry of an order according to the precedent set down in *Nixon v. Nixon*, supra, 198 A.2d at 154, there has been no proof offered here below supporting the claim that a breakdown in court operations took place because notice of this verdict/judgment was not sent, but only that plaintiff's counsel, himself, had not received it. *West Penn Power Co. v. Goddard*, supra, 333 A.2d at 909; *Weiman By Trahey v. Philadelphia*, supra, 564 A.2d at 557. (concise statement, paragraphs 2-4) Further, throughout this stage of the instant litigation, there has been no denial from plaintiff's counsel that his client had received notice of that entry in the docket, nor did the plaintiff submit any proffer at the evidentiary hearing on his motion for reconsideration refuting that his client had been sent or had received notice of the entry of the verdict/judgment in this action from the Office of Judicial Support.

The case of *Nixon v. Nixon*, supra, 198 A.2d at 154,

cited by the plaintiff is instructive on this point. In *Nixon*, there had been no denial from the opposing party that notice had been sent, with the court observing that "it must be understood that, if it appears of record that the prothonotary's office sent notice, this will satisfy all requirements of the custom and [this] cannot be disputed." *Nixon v. Nixon*, supra, 198 A.2d at 158. Similarly, there is no proof here that notice was not sent to the plaintiff, Daniel King, nor is there any contention that the prothonotary's office did not send notice, only that the notice was not sent to plaintiff's counsel. Since rule 236 requires notice to be sent to unrepresented parties, and because the plaintiff was unrepresented by counsel at the time of sending notice of the entry of the verdict/judgment in this cause of action, the notice requirement must be deemed satisfied in the absence of averment or proof that it was not sent to the plaintiff. *Id.*; *Weiman By Trahey v. Philadelphia*, supra, 564 A.2d at 557.

In addition, the discovery of the entry of an order on a docket three and one-half months after the fact and following the expiration of an appeal period, as in *West Penn Power Co. v. Goddard*, supra, cannot compare to the instant attorney's admitting to receipt from this court of a copy of the verdict/judgment entered in the above-captioned matter on June 21, 2010 the very next day, on June 22, 2010. Counsel is correct in asserting that the trial court's mailing to plaintiff's attorney of a courtesy copy of the verdict/judgment bearing no notation of when it was entered in the docket did not provide proper notice to the attorney of its entry pursuant to the case authority of *Dreher Twp. Bd. v. Solitron Develop Co.*, 481 A.2d 1207 (Pa. Super. 1984). (concise statement, paragraph

336

5) However, it is also correct beyond peradventure that plaintiff's counsel was thereby notified of the issuance of the court's verdict/judgment and could have reasonably and quickly inferred that it would be imminently entered into the docket, with the timing thereof triggering the ten day filing period for post-trial motions that he ultimately missed by one day. Because he was unrepresented by counsel at the time of the sending of notice of this verdict/judgment and did not plead or prove that he, himself, had not received it, the plaintiff did not meet his burden of proving a breakdown in court operations vis a vis the sending of notice of the docketing of the within verdict/judgment. *West Penn Power Co. v. Goddard*, supra, 333 A.2d at 909; *Weiman By Trahey v. Philadelphia*, supra, 564 A.2d at 557.

According to the plaintiff, lack of receipt of the required Rule 236 notice constitutes a reasonable excuse for plaintiff not filing his post-trial motions within 10 days of the entry of the verdict/judgment and that his failure to do so was not inadvertent according to the case authority of *City of Phila. v. Tasker*, 547 A.2d 1261, 1267-68 (Pa. Cmwlth. 1988). (Concise Statement, Paragraph 6-8). However, *Tasker* also held that evidence that notice was sent gives rise to the presumption that it was also received by the addressee. *Id.*, citing to *Meierdierck v. Miller*, 394 Pa. 484, 147 A.2d 406 (1959). Plaintiff then contended that the presumption of receipt of mail is rebuttable by showing that the item was not received by the addressee according to the case authority of *Berkowitz v. Mayflower Securities, Inc.*, 455 Pa. 531, 317 A.2d 584 (1974). (concise statement, paragraphs 7 - 8) Nevertheless, *Berkowitz* held that denial of receipt of an item (in that case, confirmation

of a stock purchase), by itself, is not enough to refute the presumption of receipt, nor are plaintiff's counsel's denials alone sufficient to rebut the presumption that notice of the entry of the verdict/judgment in the above-captioned matter was, in fact, sent and received by his client. *Id.*

Lastly, plaintiff's claims that he mailed his post-trial motions to the Office of Judicial Support within 10 days after receipt of the courtesy copy of the verdict/judgment sent to him from the court's chambers, and that his attorney faxed the court a copy of the post-trial motions within ten days after receipt of the courtesy copy of the verdict/ judgment mailed to him from the court's chambers, are of no moment whatsoever since they do not evince an effort to conform with the rules of procedure governing the outcome of this appeal. (concise statement, paragraphs 9 and 10) It is clear from the evidence that plaintiff's attorney had the time and wherewithal to prepare and timely file his post-trial motions within the applicable ten day period and to perfect his appellate rights emanating from the order of July 28, 2010, but that he simply did not do so.

## Conclusion

Pennsylvania Rule of Civil Procedure 227.1(c)(1) ("Post-Trial Relief") requires that "post-trial motions *shall* be filed within ten days after...(2)...the filing of the decision [verdict/judgment] in the case of a trial without a jury." *Id.* (emphasis added). Pennsylvania Rule of Civil Procedure 1038(c)("Trial without Jury") provides that the prothonotary must send notice of a decision of a trial court sitting without a jury of the date of the filing of the verdict. *Id.* Pennsylvania Rule of Appellate Procedure

108(a)(1) ("Date of Entry of Orders") indicates that, "in computing any period of time under these rules involving the date of entry of an order by a court..., the day of entry shall be the day the clerk of the court...mails or delivers copies of the order to the parties." *Id.* Pennsylvania Rule of Appellate Procedure 108 (b) ("Civil Orders") states: "[t]he date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P.236(b)." *Id.*

There is no dispute that the docket evinces that notice of this court's decision [verdict/judgment] in the above-captioned matter was sent on June 21, 2010. The docket in the above-captioned matter adduces as well that notice of the entry of this court's order striking the plaintiff's motions for post-trial relief with prejudice was sent on July 29, 2010, and that notice of an appeal therefrom has never been filed by the plaintiff. Plaintiff's counsel admits to receiving the court's faxed copy of that decision [verdict/judgment]on June 22, 2010. The docket also clearly reflects that the plaintiff filed his motions for post-trial relief on July 2, 2010, or one day past the ten day filing deadline therefor, pursuant to Pennsylvania Rules of Civil Procedure 227.1 and 1038. Although this court initially had the discretion to deem the plaintiff's motions for post-trial relief to have been timely filed, the defendant's objection to the admitted late filing of the said motions eliminated that discretion. *Carr v. Downing*, supra, 565 A.2d at 182 (post-trial motions appropriately dismissed as untimely filed where opposing party had raised an objection).

An attorney must, at least, be familiar with the well settled principles of law and rules of practice which are of frequent application in the ordinary business of the profession. *Enterline v. Miller*, 1905 WL 3614 (Pa. Super. 1905); *Masthope Rapids Property Owners Council v. Ury*, 687 A.2d 70 (Pa. Cmwlth. 1996); *Tarlo v. University of Pittsburgh*, 443 A.2d 879 (Pa. Super. 1982). However, plaintiff's attorney failed to file his client's motions for post-trial relief within the required ten day period after receiving credible information approximately 9 days previously that a verdict/judgment had been entered in this case. Yet, plaintiff relies on a notice requirement he has not proved was not fulfilled to excuse the lateness. Plaintiff's counsel also failed to perfect his client's appellate rights arising from the filing of the order of July 28, 2010 striking his client's motions for post-trial relief with prejudice despite ample time in which to do so before the August 30, 2010 deadline. This is not an instance where notification came so late that it was impossible for plaintiff's counsel to conform to the rules of court and law with which he is charged with awareness as an attorney practicing law in this commonwealth.

The negligence of a party's own attorney has not been considered sufficient excuse for the failure to file a timely appeal. *Hentz v. Civil Service Commission of the City of Philadelphia*, 481 A.2d 998, 999 (Pa. Cmwlth. 1984), citing to *Nixon v. Nixon*, supra, 198 Atl. at 154. An extension of the required period during which an appeal may be filed is justified only where there is fraud or some breakdown in the court's operation from the default of its officers. *West Penn Power Co. v. Goddard*, supra, 333 A.2d at 909. Non-

negligent conduct was defined in the Hentz case as that which is beyond the control of the appellant or his attorney, such as mechanical failure of a law clerk's vehicle or the sudden hospitalization of counsel. *Hentz v. Civil Service Commission of the City of Philadelphia*, supra, 481 A.2d at 999-1000. There is no such conduct in issue here, only the negligent, dilatory conduct of plaintiff's attorney before the court. According to the *Hentz* court, negligent conduct of one's attorney is fraudulent conduct that is actionable through other legal recourse pursued by the client. *Id.*, 482 A.2d at 1000. Further, "as in the case in delays caused by negligent conduct of attorneys, a policy of extending appeal times on the basis of fraud or misconduct of a party's own attorney would tend to encourage such abuses, and could not, therefore, be logically supported." *Id.*

Where it concerns the late filing of post-trial motions, the case of *Stokes v. Thiemann*, 442 A.2d 322 (Pa. Super. 1982), held that the court did not abuse its discretion by refusing to extend that deadline where the motions were not filed for a month after the verdict. *Id.*, 442 A.2d at 322. The excuse claimed there was an effort to settle the matter. *Id.* The court found that claim not to reach the level of a legally cognizable excuse for delay in complying with a mandatory, unambiguous ten-day rule. *Id.*, at 323. Similarly, in the case sub judice, it must be found that plaintiff's counsel's waiting to file his client's motions for post-trial relief one day after the requisite deadline, of which he should have been aware during the preceding nine days, does not reach the level of a legally cognizable

reason to blame the court for his own failure to conform to a mandatory and unambiguous rule of procedure with which he was required to comply in the best interests of his client[4].

For all of the foregoing reasons, the issues in this appeal must be deemed waived for having been untimely filed, as well as quashed for the requisite appeal from the order of July 28, 2010 striking plaintiff's motions for post-trial relief with prejudice never having been filed.

## ORDER

And now, August 18, 2010, upon consideration of plaintiff Daniel King's petition for rule to show cause why the court should not reconsider the court's order of July 28, 2010 and allow plaintiff to file post trial motions nunc pro tunc, and defendant Riverwatch Condominium Association's reply thereto, as well as the memoranda of law submitted in support thereof, it is hereby ordered and decreed as follows:

1. a rule is issued upon the defendant to show cause why the plaintiff is not entitled to the relief requested;

2. the petition shall be decided pursuant to Rule 206.7 of the Pennsylvania Rules of Civil Procedure; and

3. all other proceedings and the time for filing an appeal from the order of July 28, 2010, are stayed pending disposition of said petition.

---

4. "Defer no time, delays have dangerous ends." The First Part of King Henry the Sixth, Act 3, Sc. 2, L. 33. *The Complete Plays and Poems of William Shakespeare*, William A. Neilson and Charles J. Hill (Boston: Houghton, Mifflin, 1942), p. 765.